**Duffie S. CLARK, Plaintiff–Appellant,**

**v.**

**James R. THOMPSON, et al.,
Defendants–Appellees.**

No. 89–3242.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 24, 1992.

Decided April 3, 1992.

Paul W. Mollica, Meites, Frackman, Mulder & Burger, Chicago, Ill. (argued), for plaintiff-appellant.

Timothy J. Cavanagh, James P. Nally, Asst. Attys. Gen., Claudia E. Sainsot, Deputy Atty. Gen. (argued), Chicago, Ill., for defendants-appellees.

Before CUMMINGS, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Must a prisoner dissatisfied with the procedures used to consider his application for parole exhaust all remedies in state court before commencing federal litigation? Unless we overrule *Walker v. Prisoner Review Board*, 694 F.2d 499, 501 (7th Cir. 1982), we must answer "no" and annul the order dismissing this suit. *Walker* states a rule entrenched in this circuit and others, and we decline the defendants' invitation to overrule that decision.

Duffie Clark is serving a term of 40 to 140 years for two murders. The Illinois Prisoner Review Board denied his application for parole, using procedures Clark believes are constitutionally deficient. (The details of his contentions do not matter, so we omit them.) Clark was a plaintiff in another case pending before Judge Marovich challenging the constitutionality of the state's "Class X" sentencing law, which governs the accrual of good time credits. Judge Leinenweber stayed Clark's challenge to the parole procedures, writing that "as defendants in both suits are the same and the claims arise from a common core of operative facts, ... Clark has no right to proceed simultaneously in both cases." Judge Marovich presently dismissed his case because the plaintiffs had not exhausted their state remedies, as 28 U.S.C. § 2254(b) requires when a prisoner challenges the computation of good time. *Murray v. Klincar*, 1989 WL 118020, 1989 U.S. Dist. LEXIS 11359 (N.D.Ill.). See *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554–55, 94 S.Ct. 2963, 2973–74, 41 L.Ed.2d 935 (1974). The plaintiffs did not appeal. Judge Leinenweber then dismissed Clark's suit "to avoid unnecessary conflict in judicial decisions involving the same parties". Judge Leinenweber recognized that the claims Clark presents differ from those in *Murray*, but he thought the overlap sufficient to justify the same disposition. The brief order dismissing Clark's suit did not mention *Walker* or any opinion other than *Murray*, which itself cited no authority beyond § 2254(b).

Ever since *Preiser* and *Wolff*, we have struggled with the distinction between § 2254 and 42 U.S.C. § 1983. Prisoners prefer § 1983, which authorizes the recovery of money damages and does not require exhaustion of state remedies. *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). *Preiser* holds that challenges to the fact or duration of confinement belong on the § 2254 side of the line and that to contest the rules for awarding good time credits is to debate the duration (and thus, eventually, the fact)

of confinement. *Wolff* adds that a prisoner may obtain damages under § 1983 for constitutional errors in the conduct of prison disciplinary hearings, even though the disciplinary board took away some good time credits. Since then it has been difficult to know how to classify suits that purport to be about procedures and conditions of confinement, but that logically entail a shorter duration of confinement if the prisoner wins. This circuit's leading cases—*Hanson v. Heckel*, 791 F.2d 93 (7th Cir.1986); *Crump v. Lane*, 807 F.2d 1394 (7th Cir. 1986); *Viens v. Daniels*, 871 F.2d 1328 (7th Cir.1989), and *Graham v. Broglin*, 922 F.2d 379 (7th Cir.1991)—are not entirely harmonious, among themselves or with decisions in other circuits. Both sides ask us to tidy up, although they disagree about which cases we should overrule and which extend. As the source of the problem lies elsewhere, in the tension between *Preiser* and *Wolff* rather than in our failure to tread a path already blazed, we doubt that more words would bring greater clarity. We shall bypass the cases that discuss good time credits, halfway houses, and the like, in order to concentrate on parole.

*Walker* holds that there is a difference between seeking release on parole (to which § 2254 applies) and seeking different procedures for the consideration of applications for parole (to which § 1983 applies). Accord, *Huggins v. Isenbarger*, 798 F.2d 203, 204 (7th Cir.1986); *Williams v. Ward*, 556 F.2d 1143, 1150–52 (2d Cir.1977); *Georgevich v. Strauss*, 772 F.2d 1078, 1087 (3d Cir.1985) (in banc); *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir.1978); *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir.1987); *Candelaria v. Griffin*, 641 F.2d 868, 869 (10th Cir.1981); *Gwin v. Snow*, 870 F.2d 616, 625 (11th Cir.1989). Clark, who drafted the complaint himself, implied that he wanted swift release as well as better procedures. At oral argument Clark's lawyer denied that Clark seeks review of the substantive rules affecting the timing of his release, thus avoiding cases such as *Chatman–Bey v. Thornburgh*, 864 F.2d 804 (D.C.Cir.1988) (in banc). Nothing but a demand for procedural improvements remains, and the Supreme Court twice has

adjudicated suits filed under § 1983 seeking new or different parole procedures. *Greenholtz v. Nebraska Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Board of Pardons v. Allen,* 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). In neither case did counsel mention the question, so the dispositions are not holdings; still, the Court's quiescence (not observing that the question requires attention in a future case) is suggestive.

Allowing prisoners seeking parole to make federal court their first stop may not be the best way to proceed. Prisoners' claims often take the form: "State law provides *X,* and the Constitution requires *Y,* so I am entitled to a new hearing." Whether state law *really* establishes rule *X* may be a difficult issue, so that the state should have the first opportunity to speak. *Huggins,* 798 F.2d at 207 (concurring opinion). State courts may conclude that *X* is not the law after all and provide the prisoner with relief. Yet reasoning of this kind implies the wisdom of an exhaustion requirement for all § 1983 actions seeking injunctions, and the Supreme Court has held that there is none.

That the prisoner attacks "only" procedures does not allay our concern that starting in federal court may lead to unnecessary or premature constitutional decisions; the state's interpretation of its procedures would be welcome. A prisoner attacking his conviction could not avoid § 2254(b) by asserting that he is "merely" challenging the constitutionality of the procedures used at his trial—procedures for, say, the admission of evidence and the questioning of jurors. The goal in view is release; that a second trial may intervene does not take the challenge outside the scope of § 2254.

Nonetheless, there is a formal answer in § 2254, which authorizes federal courts to entertain claims that a person's "custody" violates the Constitution. A prisoner attacking the judgment or duration of conviction, on grounds procedural or substantive, is challenging his custody. A prisoner aggrieved by the procedures used to deny his application for parole is not complaining about the legality of his custody (and correspondingly does not need § 2254 to avoid the rules of issue and claim preclusion; an administrative parole decision is not entitled to res judicata effect under 28 U.S.C. § 1738). Knock out the parole decision, knock out the rules for future decisions, knock out the entire institution of parole, and the sentence remains, establishing lawful custody. Because a challenge to the procedures a state employs in considering applications for parole does not draw into question the basis of the confinement, it need not be brought under § 2254, and exhaustion of state remedies is unnecessary.

The judgment is vacated, and the case is remanded with instructions to decide Clark's suit on the merits.