986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James BARKSDALE, Petitioner/Appellant,
v.
Kenneth L. MCGINNIS, Respondent/Appellee.
 No. 91-2749.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 23, 1993.
Rehearing Denied May 4, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 James Barksdale, an inmate at the Hill Correctional Center, Galesburg, Illinois, appeals the district court's dismissal of his lawsuit challenging the decision of the State of Illinois Prisoner Review Board ("Review Board") to deny him parole. Although Barksdale characterized his petition as one for habeas corpus under 28 U.S.C. § 2254, the district court construed it as a civil rights action brought pursuant to 42 U.S.C. § 1983, thus avoiding dismissal on the ground of failure to exhaust state court remedies. The district court then ruled that the Review Board's procedures did not violate Barksdale's due process of equal protection rights, and dismissed his action with prejudice. We construe this case as a petition for habeas corpus, and dismiss it for failure to exhaust state court remedies.
 
 I. BACKGROUND
 
 2
 James Barksdale was convicted in Illinois state court of two separate incidents of rape and deviate sexual assault in 1972 and 1973. He was sentenced to concurrent prison terms of 50 to 100 years and 75 to 150 years for rape, and to concurrent prison terms of ten to fourteen years and four to fourteen years for deviate sexual assault. The Review Board denied his application for parole on September 9, 1988 and again on August 30, 1989. Proceeding pro se, Barksdale filed a petition in state court for a writ of mandamus, which was dismissed on September 15, 1989. He then attempted to file a notice of appeal, which may have been improperly filed by Barksdale or mishandled by the court. He was notified by postcard that a default judgment in the case had been entered on November 15, 1989. Barksdale then wrote a series of letters to the state court protesting that his appeal had been obstructed. The matter was ultimately referred to Judge David J. Shields, then Presiding Judge of the Circuit Court of Cook County, Chancery Division. Judge Shields wrote to Barksdale on April 18, 1990, indicating that the court had no record of an appeal having been filed, and requested more information from Barksdale in order to assist him. Barksdale provided Judge Shields with additional information and documentation on April 27, 1990.
 
 
 3
 In the meantime, Barksdale filed a petition for writ of habeas corpus in district court on April 25, 1990, alleging that the Review Board wrongfully denied him parole and that he had been deliberately stymied by the state court in his effort to exhaust his available state court remedies. In his petition, Barksdale alleged that the Review Board's decision failed to meet the standards of Illinois state law, and that it violated both due process and equal protection. He complained that the Review Board had improperly considered the seriousness of his offense, because it had based its determination on false factual allegations. He also claimed that he had already served more than the maximum period of incarceration for his offense under the present sentencing system, and that he was being denied parole on the basis of his race and the race of his victims. The district court determined that his federal claims were cognizable under § 1983, concluded that they were without merit, and dismissed his suit with prejudice. Barksdale filed a timely appeal.
 
 II. ANALYSIS
 
 4
 A state prisoner may challenge his confinement on federal constitutional grounds by filing a petition for habeas corpus, 28 U.S.C. § 2254, or by bringing a civil rights action, 42 U.S.C. § 1983. See Graham v. Broglin, 922 F.2d 379, 380 (7th Cir.1991). This distinction is important, because § 2254 requires exhaustion of state court remedies prior to filing suit in federal court, Preiser v. Rodriguez, 411 U.S. 475, 490-91, 93 S.Ct. 1827, 1837 (1973); United States ex rel. Johnson v. McGinnis, 734 F.2d 1193, 1196 (7th Cir.1984), while § 1983 does not. Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557 (1982); Clark v. Thompson, 960 F.2d 663, 664 (7th Cir.1992).
 
 
 5
 "If a prisoner seeks by his suit to shorten the term of his imprisonment, he is challenging the state's custody over him and must therefore proceed under the habeas corpus statute with its requirement of exhausting state court remedies." Graham, 922 F.2d at 380-381. A claim by a prisoner that he is entitled to be released on parole is properly characterized as a petition for habeas corpus, id. at 381, while a mere challenge to the procedures the state has employed in considering his application for parole may be brought under § 1983. Clark, 960 F.2d at 664-655.
 
 
 6
 The district court determined that Barksdale's petition could be construed as only challenging the procedures used in denying his application for parole. Insofar as relief in the form of a new parole hearing would be possible, the district court concluded that his petition should be treated as a § 1983 action, see Graham, 922 F.2d at 382, and reached the merits of his claims. In his appellate brief, however, Barksdale claims that he has already served a sufficiently long sentence for his crimes and that the Review Board is violating due process and equal protection by continuing to deny his release from the state's custody. Moreover, Barksdale explicitly requests that we direct the state to release him. With this clarification in mind, we will treat Barksdale's petition as one for habeas corpus. Cf. Clark, 960 F.2d at 664-65 (on appeal, prisoner denied that he was seeking swift release and maintained that he only sought changes in Review Board procedures, which the court then treated as a civil rights action).
 
 
 7
 As we have already noted, a petition for a writ of habeas corpus brought pursuant to § 2254 must be dismissed if available state remedies have not been exhausted as to any of the petitioner's federal claims. Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). Exhaustion of state remedies is determined at the time the petition for habeas corpus is filed. Verdin v. O'Leary, 972 F.2d 1467, 1483 (7th Cir.1992); Johnson, 734 F.2d at 1196. In unusual cases where state procedural obstacles prevent the petitioner from obtaining an effective state remedy, we may waive the exhaustion requirement and reach the merits of the petitioner's claims. See Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21, 22 (1963) (per curiam ); see also Lane v. Richards, 957 F.2d 363, 365 (7th Cir.) (we may waive exhaustion requirement in cases of state court's unjustifiable delay), cert. denied, 113 S.Ct. 127 (1992).
 
 
 8
 In his habeas petition, Barksdale claims that his writ of mandamus challenging the Review Board's denial of parole was dismissed on September 15, 1989 and that his subsequent efforts to exhaust state court remedies were deliberately impeded by the state court. In the letter dated April 18, 1990, Judge David J. Shields indicated that the court could find no record that Barksdale had filed an appeal of the denial of mandamus, and requested further information from Barksdale in order to determine the status of his appeal. Judge Shields indicated a willingness to assist Barksdale, implying that he did not consider the matter closed.[1]
 
 
 9
 Whether the appeal had been mishandled by the state court or whether Barksdale had in fact failed to file an appeal, it appears clear that on April 25, 1990 when he filed his habeas corpus petition in federal district court, the question of the status of proceedings in state court had not yet been resolved. Barksdale thus fails to show that he was without available remedy in state court, or that any procedural obstacles stood in the way of his obtaining effective relief.[2] Far from being unable to exhaust state court remedies due to the deliberate denial of access to state court process as he claims, it appears from the record that the state court was making every effort to assist Barksdale in the vindication of his rights. Barksdale has thus failed to exhaust state court remedies, and his habeas corpus petition must be dismissed.[3]
 
 CONCLUSION
 
 10
 We AFFIRM the district court's dismissal of Barksdale's habeas corpus petition, but do so on the grounds of failure to exhaust state court remedies. We accordingly MODIFY the district court's judgment, pursuant to 28 U.S.C. § 2106, to reflect that Barksdale's petition is dismissed without prejudice.[4]
 
 
 11
 AFFIRMED as MODIFIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 We note that Barksdale responded to Judge Shield's letter on April 27, 1990, two days after he filed his petition for habeas corpus, and provided Judge Shields with additional information in an effort to perfect his appeal before the state court
 
 
 [2]
 We also note that on this record, we are unable to conclude that Barksdale has exhausted his remedies because his own procedural errors have eliminated all means of appeal. See Wallace v. Duckworth, 778 F.2d 1215, 1223-24 n. 6 (7th Cir.1985)
 
 
 [3]
 In district court, the state first maintained that Barksdale had failed to exhaust state court remedies, and later filed a Supplemental Memorandum of Law in which it asserted that Barksdale had procedurally defaulted on his claims, even though it averred that "the results of former Judge Shield's inquiry into [the matter] are unknown." The state does not address the exhaustion issue in its appellate brief, presumably because it treats Barksdale's suit as a § 1983 action
 Under Granberry v. Greer, it is within this court's discretion to waive the exhaustion requirement if the state fails to raise it. 481 U.S. 129, 134, 107 S.Ct. 1671, 1675 (1987). In this case, however, Barksdale raises the issue himself by expressly claiming that he has failed to exhaust his state court remedies because of the state's deliberate interference with his appeal.
 
 
 [4]
 See, e.g., First Nat'l Bank v. Comptroller, 956 F.2d 1360, 1368-69 (7th Cir.), cert. denied, 113 S.Ct. 93 (1992)