12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alvin K. GRAY, Petitioner/Appellee,
v.
Dick CLARK, Respondent/Appellant.
 No. 92-2968.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 17, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Alvin K. Gray appeals the district court's dismissal, without prejudice, of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Gray asserts that he was denied his constitutional rights because his assigned public defender failed to represent him in his post-conviction appeal and rendered ineffective assistance during the guilty plea proceedings. He also contends that his constitutional rights were violated when the Indiana Parole Board allegedly released confidential information contained in his clemency petition.** We affirm.
 
 
 2
 Gray pled guilty to murder in an Indiana state court in 1981, and was sentenced to thirty-five years in prison. He did not directly appeal his conviction. In 1987 Gray filed his first federal petition for writ of habeas corpus. The district court denied the petition because Gray had not exhausted his state remedies. Gray then filed a state post-conviction petition in 1988, and was assigned a public defender. That petition is still pending before the Marion Superior Court, Criminal Division. Gray then filed a petition for clemency to the Indiana Parole Board in 1990, followed in 1991 by this second federal petition for habeas corpus. The district court denied the petition for habeas corpus, again finding that Gray had not exhausted his state remedies.
 
 
 3
 A federal court may consider a petition for habeas corpus only after the petitioner has first presented his claims to a state court and exhausted his state remedies. Duckworth v. Serrano, 454 U.S. 18, 19 (1981); Pritchess v. Davis, 421 U.S. 482, 487 (1975). A petition must be dismissed if available state remedies have not been exhausted. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509, 511 (1982). Exhaustion of state remedies is determined at the time the petition for habeas corpus is filed. Verdin v. O'Leary, 972 F.2d 1467, 1483 (7th Cir.1992). When Gray filed the instant petition for habeas corpus his state post-conviction petition was still pending, and it has yet to be adjudicated. Thus, he has not exhausted his state remedies.
 
 
 4
 Gray argues that the public defender's delay in pursuing his state post-conviction petition constitutes grounds for waiver of exhaustion. In unusual cases, we may waive the exhaustion requirement and reach the merits of a petitioner's claim. See Bartone v. United States, 375 U.S. 52, 54 (1963); Allen v. Duckworth, No. 91-3229, slip op. at 2 (7th Cir. Sept. 29, 1993); Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992). A case in which exhaustion may be waived is where the state is responsible for an inordinate or unjustifiable delay in the state court. See Lane, 957 F.2d at 365; Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1982); Cf. Jenkins v. Gramley, No. 93-1228, slip op. at 5 (7th Cir. Oct. 25, 1993). However, errors committed by a prisoner's appointed counsel are not attributed to the state. Coleman v. Thompson, 111 S.Ct. 2546, 2466-67 (1991). Thus, the four year delay caused by the public defender in pursuing Gray's post-conviction petition is not attributable to the state. Accordingly, Gray may not avoid the exhaustion requirement.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 For relief, Gray petitions the court to release him from the State of Indiana's Department of Corrections. Therefore this claim falls under Sec. 2254 as well. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991); see Clark v. Thompson, 960 F.2d 663, 664-65 (7th Cir.1992)