In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1190

Mark Moran,

Petitioner-Appellant,

v.

Kenneth Sondalle,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99-C-1446--Myron L. Gordon, Judge.

No. 00-1206

Daniel L. Johnson,

Petitioner-Appellant,

v.

Kenneth Sondalle,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00-C-109--Myron L. Gordon, Judge.

No. 00-1220

Robert R. Paulk,

Petitioner-Appellant,

v.

Kenneth Sondalle,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.

No. 99-C-1445--Lynn Adelman, Judge.


No. 00-1250

Terry Paul,

Petitioner-Appellant,

v.

Kenneth Sondalle,

Respondent-Appellee.


Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00-C-69--Lynn Adelman, Judge.


No. 00-1291

Michael Spiess,

Petitioner-Appellant,

v.

Kenneth Sondalle,

Respondent-Appellee.


Appeal from the United States District Court
for the Western District of Wisconsin.
No. 99-C-0822-S--John C. Shabaz, Chief Judge.


Submitted May 4, 2000--Decided June 22, 2000


  Before Posner, Chief Judge, and Easterbrook
and Diane P. Wood, Circuit Judges.

  Per Curiam.  We have consolidated five
cases in which prisoners required to
litigate under 42 U.S.C. sec.1983 instead
sought writs of habeas corpus. The Prison
Litigation Reform Act, which applies to
prisoners' civil suits, imposes require-
ments different from those of the Antite-
rrorism and Effective Death Penalty Act,
which governs collateral attacks on con-
finement, making it important to classify
cases correctly. See, e.g., Pischke v.
Litscher, 178 F.3d 497 (7th Cir. 1999);

Valona v. United States, 138 F.3d 693 (7th Cir. 1998); Moore v. Pemberton, 110 F.3d 22 (7th Cir. 1997); Copus v. Edgerton, 96 F.3d 1038 (7th Cir. 1996). Prisoners may be tempted to choose one route rather than another to avoid limitations Congress adopted. For example, the filing fee for an action seeking a writ of habeas corpus is $5, while the fee to commence a case under sec.1983 is $150, see 28 U.S.C. sec.1914(a), and the fee in a sec.1983 case eventually will be collected from the prisoner's trust account under 28 U.S.C. sec.1915(b) even if the prisoner cannot pay in advance. Frivolous actions count as "strikes" under sec.1915(g), and a prisoner who has accumulated three strikes must as a rule prepay the fees in all future civil actions, while collateral attacks are not subject to limitation because of prior frivolous suits.

Four of the petitions, filed by Mark Moran, Daniel Johnson, Robert Paulk, and Terry Paul, contend that Wisconsin violated multiple provisions of the Constitution by transferring inmates to privately run prisons in other states. The fifth, filed by Michael Spiess, alleges that Wisconsin failed to use constitutionally required procedures before denying an application for release on parole. All five prisoners claimed that relief is proper under 28 U.S.C. sec.2241. In the first four cases the district court, citing Pischke, held that such claims must be pursued as civil suits under sec.1983. In each case the district court dismissed the petition (without prejudice to refiling under sec.1983), declined to issue a certificate of appealability, see 28 U.S.C. sec.2253(c)(1)(A), and permitted the appeal to proceed in forma pauperis. In each case, despite ruling that the action was frivolous, the district court declined to certify that an appeal would not be in good faith under 28 U.S.-C. sec.1915(a)(3). The district judges stated that the prisoners were "earnest" and thus proceeding in good faith. In the fifth case the district court did not reach the merits, ruling that Spiess had failed to exhaust his state remedies. See 28 U.S.C. sec.2254(b)(1)(A). The court declined to issue a certificate of appealability and certified that the appeal is in bad faith, so that all appellate fees must be prepaid. Despite Newlin v. Helman, 123 F.3d 429, 437-38 (7th Cir.

1997), which holds that a collateral attack on a prison administrator's decision is a "civil action" for purposes of the plra, in none of the five cases did the district court attempt to collect filing fees from the prisoner's trust account under 28 U.S.C. sec.1915(b).

Moran, Johnson, Paulk, and Paul ask us to issue certificates of appealability so that they may proceed on appeal. Spiess wants both a certificate of appealability and an order permitting him to proceed in forma pauperis. Two opinions released after the decisions under review affect these requests.

Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000), holds that an appeal in a frivolous suit cannot be "in good faith" under sec.1915(a)(3), because "good faith" must be viewed objectively. Because the district judges believed all five suits to be frivolous, all five appeals should have been certified as not in good faith, and prepayment of all appellate fees should have been required.

Part II.B of Walker v. O'Brien, No. 96-4010 (7th Cir. June 22, 2000), issued contemporaneously with this opinion, holds that state prisoners who desire to protest actions by prison administrators, and who are entitled to collateral review (an important qualification), must meet conditions laid down by sec.2254. Part III of Walker holds that no petition for a writ of habeas corpus is a "civil action" for purposes of sec.1915(b), overruling Part III of Newlin. The fee-collection mechanism of the plra therefore does not apply to any of these cases. (For the same reason, sec.1915(g) would not preclude a court from excusing the prepayment of the filing fees in the district court and the court of appeals in a case properly filed as a collateral attack.) Finally, Part IV of Walker holds that state prisoners require certificates of appealability only when they contest their convictions or sentences; prisoners who contest prison discipline (for example, the deprivation of good-time credits) may appeal without them. Thus none of our five appellants requires a certificate of appealability.

This procedural victory gets them no further, however, because none of these five cases is a proper collateral attack.

Pischke holds that state prisoners who want to challenge transfers to out-of-state prisons must use sec.1983. Moran, Johnson, Paulk, and Paul contend that they have new arguments, but none of these undercuts Pischke. Prisoners who want to be confined in one state rather than another are not demanding immediate (or earlier) release and therefore must use sec.1983; they are not entitled to seek collateral relief under either sec.-2241 or sec.2254. Spiess, who wants to challenge the procedures used for parole-release decisions, does not even attempt to argue that he has new arguments that would avoid this circuit's cases requiring such arguments to be presented under sec.1983. See, e.g., Clark v. Thompson, 960 F.2d 663 (7th Cir. 1992); Huggins v. Isenbarger, 798 F.2d 203 (7th Cir. 1986).

For most purposes, the line between the domain of collateral review and that of sec.1983 is simple. State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. See, e.g., Preiser v. Rodriguez, 411 U.S. 475 (1973-); Edwards v. Balisok, 520 U.S. 641 (199-7). State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new pris-on, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ sec.1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all, which under Sandin v. Conner, 515 U.S. 472 (1995), and Meachum v. Fano, 427 U.S. 215 (1976), will be uncommon. See also Wallace v. Robinson, 940 F.2d 243 (7th Cir. 1991) (en banc); Higgason v. Farley, 83 F.3d 807 (7th Cir. 1996). Legal rules, like physical surfac-es, cause diffraction at the edges, see Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991); Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir. 1996), but the excep-tions (like the scattering of light) may be ignored for most practical purposes. Prisoners who follow the rule stated in this paragraph rarely will go wrong; those who ignore it rarely will go right. Our five appellants ignored this line of demarcation.

The district judges resisted the tempta-

tion to "convert" the prisoners' actions into sec.1983 suits because, as we observed in Pischke and its predecessors, actions under the plra and the aedpa have different procedural requirements and different potential consequences. All four suits concerning transfers were dismissed outright, and properly so. All four judgments are summarily affirmed. We recognize that two procedural assumptions behind this conclusion are incompatible with Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000), which held that sec.2241 may be used to challenge transfers to out-of-state prisons, and that prisoners who employ sec.2241 in such cases need certificates of appealability. But these aspects of Montez are incompatible not only with Pischke but also with Parts II.B and IV of Walker. Moran, Johnson, Paulk, and Paul are beneficiaries of the difference between Walker and Montez, for they have obtained appellate decisions even though they could not establish, as sec.2253(c)(2) requires, "a substantial showing of the denial of a constitutional right." See Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000).

This does not end matters, however, because Pischke warned prisoners that any similar objection to transfer to privately run, out-of-state prisons would be frivolous. See also, e.g., Olim v. Wakinekona, 461 U.S. 238 (1983); Stanley v. Litscher, No. 99-3764 (7th Cir. May 16, 2000), slip op. 3. Filing a frivolous sec.1983 action as a petition for a writ of habeas corpus avoids sec.1915(b) and (g), but it does not make the action any the less frivolous; to the contrary, it is more frivolous, because it is abusive procedurally as well as substantively. Before filing their appeals, these prisoners not only knew about Pischke but also had been informed by the district judges that their efforts to avoid Pischke are unavailing. Prisoners who play games to avoid the plra should not expect courts to cooperate.

All four suits arising out of the transfers and, more importantly now, all four appeals, are frivolous. Moreover, because these appeals are not in good faith for purposes of sec.1915(a)(3), we revoke the orders permitting the appellants to proceed in forma pauperis. The filing and docket fees for appeal must be paid in full, and failure to do so will be han-

dled under the approach of Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995), as Part II of Newlin, 123 F.3d at 436-37, describes. (This portion of Newlin is unaffected by either Walker or Lee.) Because both the proceedings in the district court and the appeals are frivolous, each of these plaintiffs has accumulated two "strikes" for purposes of sec.1915(g): any frivolous suit or appeal by a prisoner counts, even though only in a future "civil action or appeal [of] a judgment in a civil action" must a prisoner who has "struck out" prepay the full filing fees.

As for Spiess, who launched a collateral attack on the procedures used to deny his application for release on parole: once again sec.1983 should have been used. Spiess does not seek release from custody; he wants reconsideration of his application using different procedures. Claims of this kind that have reached the Supreme Court have uniformly been handled under sec.1983. See, e.g., Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska Penal Complex, 442 U.S. 1 (1979). Clark and Huggins, our own opinions on the subject, also say that challenges to procedures employed to consider applications for parole are civil actions under sec.1983 and not collateral attacks under sec.2241 and sec.2254, unless the prisoner contends that application of his preferred procedures would have led to his immediate release. The district court therefore should not have dismissed the sec.2241 action as premature, inviting Spiess to file another after exhausting state remedies; it should have dismissed the petition with prejudice on the ground that sec.1983 provides the exclusive remedy. Of course, Spiess faces obstacles under sec.1983 too. For one thing, exhaustion of administrative remedies now is required in prisoners' sec.1983 suits. See 42 U.S.C. sec.1997e(a); Perez v. Wisconsin Department of Corrections, 182 F.3d 532 (7th Cir. 1999). For another, the due process clause has nothing to say about parole-release decisions unless states have conferred entitlements sufficiently definite to count as "liberty" or "property." Greenholtz; Jago v. Van Curen, 454 U.S. 14 (1981). Our examination of Wisconsin's parole-release system in Felce v. Fiedler, 974 F.2d 1484, 1491-92 (7th Cir. 1992), led us to say that prisoners who

have served two-thirds of their terms have such an entitlement; other prisoners may have no more than a hope or desire, which Greenholtz holds is insufficient to create a liberty or property interest. Perhaps Wisconsin's system has changed since 1992; but if it has not, then any sec.1983 suit Spiess may file would be frivolous.

The five applications for certificates of appealability are dismissed as unnecessary. The judgment of the district court in Spiess's case is vacated, and the matter is remanded with instructions to dismiss the collateral attack as improper, but without prejudice to a civil action under sec.1983. (Spiess's application for leave to proceed in forma pauperis is denied, however, for he had no hope of success on the merits or even of obtaining a remand for decision on the merits. His appeal was not in good faith, and Spiess owes the entire fee under the procedures of Newlin.) The other four judgments are affirmed, two strikes are assessed against each appellant, and the appellate fees promptly must be paid in full.