**Harlan RICHARDS, Petitioner–Appellant,**

v.

**Kenneth J. SONDALLE, Respondent–Appellee.**

**No. 00–1996.**

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 2001.*

Decided June 14, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and
WILLIAMS, Circuit Judges.

ORDER

Wisconsin prisoner Harlan Richards petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that retroactive application of Wisconsin Administrative Code § DOC 302.145, which establishes the criteria to be used in assigning a security classification to an inmate serving a life sentence, violates the Ex Post Facto Clause. The district court dismissed the petition without prejudice for failure to exhaust state-court remedies and Richards appeals. Because we conclude that Richards's suit is really an action under 42 U.S.C. § 1983, we affirm the dismissal of his petition.

In 1988 the Wisconsin Department of Corrections (DOC) adopted new rules governing the assignment of security classifi-

cations to its inmates. One of those rules, § HSS 302.145 (now § DOC 302.145), established additional criteria that prisoners serving life sentences (commonly referred to as "lifers") had to satisfy in order to receive a reduced security classification. Richards and several other inmates challenged the new regulation in Dane County Circuit Court, arguing that it could not be applied to them without violating the ex post facto clauses of the Wisconsin and federal constitutions. In July 1990 the circuit court found in the inmates' favor, and for approximately the next eight years, the DOC did not apply § 302.145 to any lifers who were sentenced prior to the enactment of the new rules.

In 1995 the Wisconsin Court of Appeals reversed the circuit court, holding that retroactive application of § 302.145 did not violate the ex post facto clauses of either the state or federal constitutions. *Burrus v. Goodrich,* 194 Wis.2d 654, 535 N.W.2d 85 (Ct.App.1995). Three years after that decision, the DOC began applying § 302.145 to all lifers regardless of when they were sentenced relative to the adoption of the new regulations. Richards and fourteen other lifers then filed a civil rights suit in federal district court, again challenging the application of the rule to them on ex post facto grounds. The district court held, however, that their claim had to be brought under habeas corpus, and they accordingly refiled their action as a petition under 28 U.S.C. § 2254. The district court then concluded that Richards had failed to exhaust his state court remedies and dismissed his petition without prejudice.[1]

We think that Richards's original choice was correct–that this case arises under 42 U.S.C. § 1983, not under 28 U.S.C. § 2254.

1. The court also dismissed the petitions of the fourteen other prisoners, for reasons not pertinent to this appeal. Only Richards was granted a certificate of appealability.

In his petition Richards alleges, without elaboration, that § 302.145 requires him "to serve additional time in prison on [his] sentence[ ]." Looking at § 302.145, we can only understand Richards to be speculating that its added requirements for receiving a more favorable security classification will somehow impact on the timing of his eligibility for parole, not that he is being denied parole altogether because of that regulation. Our cases, however, hold that claims challenging the procedures used for making parole decisions–as opposed to claims seeking release on parole–must be brought under § 1983. *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir.2000); *Clark v. Thompson*, 960 F.2d 663, 664–65 (7th Cir.1992); *Walker v. Prisoner Review Bd.*, 694 F.2d 499, 501 (7th Cir.1982). Richards's habeas corpus petition is thus really a challenge under § 1983, and we will therefore affirm its dismissal without prejudice. *See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.1999). Richards should be mindful, however, that if he refiles his claim under § 1983 he will be subject to the requirements of the Prison Litigation Reform Act (including payment of filing fees) and that dismissal of a § 1983 suit will often count as a "strike" under 28 U.S.C. § 1915(g). *Id.* at 500. And, putting aside the possible res judicata effect of Richards's prior state-court litigation, we add that we have serious doubts as to the merit of his ex post facto claim, especially in view of *Garner v. Jones*, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000), and *California Department of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

AFFIRMED.