**Gene Vontell GRAHAM,**
**Plaintiff–Appellant,**

v.

**G. Michael BROGLIN,**
**Defendant–Appellee.**

No. 89–3201.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 27, 1990.
Decided Jan. 7, 1991.

---

Gene V. Graham, Westville, Ind., pro se.

Kimberlie A. Forgey, Deputy Atty. Gen., Indianapolis, Ind., for defendant-appellee.

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

We write to clarify the relation between an action for habeas corpus (28 U.S.C. § 2254) and a civil rights action (42 U.S.C. § 1983) as vehicles by which state prisoners can challenge their confinement on federal constitutional grounds. After violating parole, Gene Graham was returned to an Indiana state prison to complete his sentence for robbery. He applied for work release but his application was denied because of a rule of the state parole authorities to the effect that a person who is imprisoned solely because he violated parole is ineligible for work release. Graham brought this habeas corpus action to challenge the rule as a denial of equal protection of the laws. The district judge dismissed the action on the alternative grounds that habeas corpus was the wrong vehicle for Graham's claim and that the claim lacked merit.

If a prisoner seeks by his suit to shorten the term of his imprisonment, he is challenging the state's custody over him

and must therefore proceed under the habeas corpus statute with its requirement of exhausting state remedies, while if he is challenging merely the conditions of his confinement his proper remedy is under civil rights law, which (with an inapplicable exception) does not require exhaustion. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Miller v. McCollum,* 695 F.2d 1044, 1046 (7th Cir. 1983). The difficult intermediate case is where the prisoner is seeking not earlier freedom, but transfer from a more to a less restrictive form of custody. We know that if a prisoner claims to be entitled to probation or bond or parole, his proper route is habeas corpus, even though he is seeking something less than complete freedom. *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989); *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963); *Vargas v. Swan,* 854 F.2d 1028, 1030 (7th Cir.1988). What if, as here, he is seeking work release, which involves less confinement than ordinary imprisonment because, as the term implies, it allows him to be outside the prison during working hours? Or what if he were seeking to be confined in his home rather than in a prison?

In a series of cases that are the most like this case of any we have been able to find, the Third Circuit has held that a claim to be entitled to home furlough is a civil rights claim, not a habeas corpus claim, because if successful it would merely change the location where the prisoner's sentence is to be served. *Wright v. Cuyler,* 624 F.2d 455, 458 (3d Cir.1980); *Jamieson v. Robinson,* 641 F.2d 138, 141 (3d Cir.1981); *Georgevich v. Strauss,* 772 F.2d 1078, 1086–87 (3d Cir. 1985) (en banc) (dictum). "Merely" is an overstatement; home is a less restrictive place in which to serve one's sentence as well as a different one. *Brennan v. Cunningham,* 813 F.2d 1, 4–5 (1st Cir.1987), without citing the Third Circuit's cases, reached a contrary conclusion in a case involving work release, but the case is readily distinguishable because successful completion of the work release program, which was specifically designed to test the prisoner's ability to function outside prison, would have resulted in the prisoner's being paroled—so in effect he *was* challenging the length of his confinement. Finally, we held in *McCollum* that a prisoner can use habeas corpus to get out of disciplinary segregation and into the regular prison environment, which is "freer" but of course still custodial. Yet the length of his prison term is not affected.

The cases suggest the following generalization. If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

The line is not a sharp one, and work release falls smack in the middle. But since we must choose, we think it is closer to the second pole than to the first. The prisoner remains confined, but instead of spending the daytime hours working in a prison factory, he works in a factory outside the prison. The factories may be identical, proximate, and so forth and the prisoner may be under the same restrictions in either place, in which event only the location differs—not the quantum of confinement. This is not to say that the prisoner will be indifferent between the two forms of confinement. Nor will the two work places always be so similar as in our example. But lines are lines, and we place work release on the civil rights side.

So the district judge was right to rule that Graham had misconceived his remedy, and should have sued under civil rights law. He was also right to go on and consider the merits. If a prisoner who should have asked for habeas corpus misconceives his remedy, brings a civil rights suit, and fails to exhaust his state reme-

dies, his suit must be dismissed. But if, as in this case, he asks for habeas corpus when he should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored. *Andrews v. United States,* 373 U.S. 334, 338, 83 S.Ct. 1236, 1239, 10 L.Ed.2d 383 (1963); *United States v. Jordan,* 915 F.2d 622, 624–25 (11th Cir.1990); *Lewis v. D.C. Dept. of Corrections,* 533 F.2d 710 (D.C.Cir.1976) (per curiam).

■ Turning, then, to the merits, we again agree with the district judge that Graham's suit has none. He complains that the parole authorities' rule discriminates between persons like himself who are recommitted solely for having violated their parole, and persons who are recommitted for having violated their parole but who have also committed some other crime. The latter but not the former class of prisoners are eligible for work release, *after* they have completed their original sentence. So in fact they are treated identically to prisoners like Graham, and his equal protection claim therefore fails at the threshold.

AFFIRMED.