948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy ROSS, Petitioner/Appellant,
v.
James O'GRADY, Respondent/Appellee.
 No. 90-2243.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1991.*
Decided Nov. 14, 1991.
 
 Before CUMMINGS, CUDAHY, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Timothy Ross filed a petition pursuant to 28 U.S.C. § 2254, alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment. In his pro se complaint, he alleged that the Cook County Sheriff's Department failed to honor two state court orders to take him to a hospital for surgery to remove a plate in his shoulder, which causes him continuing serious pain. The only relief that Ross has requested is an order directing the administration of the Cook County jail to take him to a hospital. The district court summarily dismissed Ross's case without prejudice, noting that Ross's petition is more in the nature of a civil rights complaint under 42 U.S.C. § 1983 than a habeas corpus petition.
 
 
 2
 This court has recently clarified the relationship between an action for a writ of habeas corpus and a civil rights action regarding prisoners who challenge their confinement on constitutional grounds. Graham v. Broglin, 922 F.2d 379 (7th Cir.1991). We explained that a prisoner seeking a "quantum change in the level of custody" must proceed under the habeas corpus statute, which requires exhaustion of state remedies, whereas a prisoner challenging the conditions of his confinement must proceed under the civil rights law, which generally does not require exhaustion. Id. at 381.
 
 
 3
 As the district court noted, federal habeas corpus is not the proper vehicle for the relief that Ross is seeking. He is not challenging the length or duration of his confinement. See Crump v. Lane, 807 F.2d 1394, 1399 (7th Cir.1986). Rather, the only remedy that Ross seeks is the medical attention that he alleges that the state court ordered.
 
 
 4
 We agree with the district court that Ross's complaint is not properly pursued under section 2254 and that he should have sued under the civil rights law. However, where a prisoner has asked for "habeas corpus when he should have brought a civil rights suit, all he has done is mislable his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored." Graham, 922 F.2d at 382. Here, the district court dismissed Ross's case without prejudice, thus affording Ross the right to plead over.
 
 
 5
 We AFFIRM the district court's dismissal without prejudice, and we remind Timothy Ross that he may refile his claim in federal court under 42 U.S.C. § 1983 and that he will not be required to show exhaustion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs