956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James ARMSTRONG, Plaintiff-Appellant,
v.
Michael P. LANE, Howard A. Peters and James A. Chrans, et
al., Defendants-Appellees.
 No. 90-3665.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 3, 1992.*
Decided March 5, 1992.
 
 1
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 89 C 4101, Philip M. Frazier, Magistrate Judge.
 
 
 2
 S.D.Ill.
 
 
 3
 AFFIRMED.
 
 ORDER
 
 4
 James Armstrong, an Illinois state prisoner, brought this civil rights action alleging that he received an inadequate amount of exercise time during his six-month stay in segregation at Sheridan Correctional Center in violation of the eighth and fourteenth amendments. Specifically, Armstrong alleged that he was entitled to a minimum of five hours of out-of-cell exercise per week, but he was permitted only one hour per week, and that as a result, a cyst grew on his chest and he suffered from stress. He requested damages as well as declaratory and injunctive relief.[1] Following a bench trial, the magistrate judge, acting with the consent of the parties pursuant to 28 U.S.C. § 636(c), entered judgment in favor of the defendants.[2] This appeal followed.
 
 
 5
 Armstrong first argues that the magistrate judge erred in finding no eighth amendment violation. On the contrary, the record supports the magistrate judge's conclusion. It contains no evidence from which to conclude that the defendants restricted Armstrong's exercise with "deliberate indifference" to his physical and psychological needs in an effort to "punish" him. See Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991). Rather, they imposed the restriction out of a legitimate concern for Armstrong's safety against attacks from prison gang members as well as for his classification as an escape risk and his lengthy disciplinary record. See Davenport v. DeRobertis, 844 F.2d 1310, 1315 (7th Cir.), cert. denied, 488 U.S. 908 (1988); Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.), cert. denied, 488 U.S. 863 (1988). In these circumstances, the one hour of outdoor exercise per week accorded Armstrong satisfied eighth amendment demands. See also Bailey v. Shillinger, 828 F.2d 652, 653 (10th Cir.1987). Armstrong also argues that his court-appointed attorney deprived him of the effective assistance of counsel as guaranteed by the sixth amendment. But the sixth amendment's guarantee does not apply in civil cases. " 'There is no constitutional or statutory right for an indigent to have counsel appointed in a civil case. It of course follows there is no constitutional or statutory right to effective assistance of counsel in a civil case.' " Wolfolk v. Rivera, 729 F.2d 1114, 1119-20 (7th Cir.1984) (quoting Ivatson v. Moss, 619 F.2d 775, 776 (8th Cir.1980)).
 
 
 6
 Armstrong finally argues that the magistrate judge erred in denying his attorney's motion to withdraw from the case. The district court's denial of a motion to withdraw is subject to review for an abuse of discretion. See Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir.1982). No such abuse is shown. Despite his aversion to criminal matters and his lack of experience in § 1983 actions, counsel had an obligation under local rule to represent Armstrong, which he fulfilled, and there is no evidence that he was prejudiced against Armstrong in so doing.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Whether Armstrong's equitable claims are mooted by his transfer out of Sheridan Correctional Center or by the Illinois Department of Correction's Administrative Directive 05.03.140A, which became effective during the pendency of this action in the district court, is a question we need not decide in view of our conclusion that Armstrong's legal claim has no merit. See Steading v. Thompson, 941 F.2d 498, 499 (7th Cir.), petition for cert. filed, No. 91-6746 (U.S. Dec. 9, 1991)
 
 
 [2]
 To the extent that the magistrate judge suggests that federal habeas corpus is the proper vehicle for relief, he is mistaken. Graham v. Broglin, 922 F.2d 379 (7th Cir.1991), explains that a prisoner seeking a "quantum change in the level of custody" must proceed under the habeas corpus statute, which requires exhaustion of state remedies, whereas a prisoner challenging the conditions of his confinement must proceed under the civil rights law, which generally does not require exhaustion. Id. at 381. Armstrong seeks to challenge the restriction on his out-of-cell recreation, and not the length or duration of his confinement. An action under 42 U.S.C. § 1983 is therefore the proper remedy