989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sammie KELLEY, Jr., Plaintiff/Appellant,
v.
Willie ROCKETT, et al., Defendants/Appellees.
 No. 92-1451.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 26, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Sammie Kelley brought this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights arising out of a prison disciplinary proceeding. Kelley sued the defendants in their official and individual capacities for monetary damages, injunctive relief, and declaratory judgment. The district court dismissed Rhonda Johnson as a defendant and dismissed all claims against the remaining respondents except the claim that Kelley did not receive due process during the disciplinary hearing. The court also dismissed all claims for monetary damages brought against the respondents in their official capacities. Both parties brought motions for summary judgment, and the court granted summary judgment to the defendants. We affirm.
 
 
 2
 1. Due process in the disciplinary proceedings
 
 
 3
 Kelley contends that the disciplinary committee did not comport with the due process requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). In particular, he challenges the committee's denial of his request to call witnesses, the insufficiency of the evidence, the inadequacy of the committee's written statement of reasons and the committee's refusal to administer a polygraph test.
 
 
 4
 a. Request to call witnesses
 
 
 5
 Kelley argues that his request for witnesses was improperly denied. A prisoner does have a limited right to call witnesses in a disciplinary hearing. Wolff, 418 U.S. at 566. However, Kelley did not submit a proper and timely witness request. The bottom portion of the disciplinary report received by Kelley provides for witness requests; the instructions clearly state "Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing." (emphasis added). Kelley never filled out and detached the witness request form. Instead he presented a written request to the committee, at the hearing. The committee properly denied his untimely request. See ILL.ADMIN.CODE, tit. 20 § 504.80(h)(3) ("The Committee may disapprove requests that are not received prior to the hearing."); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir.1992).
 
 
 6
 b. Sufficiency of the evidence
 
 
 7
 As long as "some evidence" supports the decision by the disciplinary committee, due process has been satisfied. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The reviewing court is not to make independent credibility assessments or reweigh the evidence. Id. The only question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56 (emphasis added).
 
 
 8
 It is undisputed that Kelley and Johnson were alone in the storage closet. The committee was presented with two versions of what occurred in the storage closet. Johnson reported that Kelley had touched her in an offensive manner, she gave him a direct order to keep his hands off, and he repeated his actions. Kelley, on the other hand, claimed that Johnson had approached him in a "flirtatious manner" and that he had accidentally brushed his upper arm with her upper arm. Without reweighing the evidence, we agree that there was "some evidence," namely Johnson's report, tending to show that Kelley committed the charged offenses. Kelley's admission that there had been some kind of contact between Johnson and himself further bolsters the committee's conclusion.
 
 
 9
 c. Written statement of reasons
 
 
 10
 Kelley further argues that the committee's statement of reasons is constitutionally inadequate. Wolff requires the factfinder of a disciplinary hearing to provide a written statement of the evidence relied on and reasons for the disciplinary action. 418 U.S. at 564. The adjustment committee's summary stated that it had relied on the evidence provided by the reporting officer. Johnson's report, describing the events at issue, was attached to the summary.
 
 
 11
 Although we would prefer that the disciplinary committee had been more specific in stating that they found the report credible and disbelieved Kelley's account, we cannot say that the brief reference to the report as the evidence relied upon is constitutionally deficient. Saenz v. Young, 811 F.2d 1172 (7th Cir.1987).
 
 
 12
 d. Denial of a polygraph test
 
 
 13
 Kelley also argues that his right to due process was violated by the denial of a polygraph test. Although polygraph tests are admissible in disciplinary proceedings, Lenea v. Lane, 882 F.2d 1171 (7th Cir.1989), Wolff does not require, or even suggest, that an inmate charged with a disciplinary violation has a constitutional right to be given a polygraph test.
 
 2. Dismissal of Johnson
 
 14
 Kelley raises the issue of the district court's dismissal of Rhonda Johnson, but he presents no arguments in his brief. The district court found that Johnson had been discharged of her listed debts under 11 U.S.C. § 727(b), including Kelley's potential claim. The district court further noted that the bankruptcy court had determined that Kelley's objection to the discharge was untimely filed and filed without the appropriate filing fee. Since Kelley could no longer be a creditor under the bankruptcy laws, Johnson's dismissal was appropriate.
 
 3. Eighth Amendment claim
 
 15
 Kelley charges that the punishment he received, one month revoked good time, one month segregation and three months demotion to "C" grade, constitutes cruel and unusual punishment in violation of the Eighth Amendment. To the extent that he is challenging the fact or duration of his confinement as extended by the disciplinary sanctions, his sole federal remedy is by writ of habeas corpus. Wolff, 418 U.S. at 554 (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)); Graham v. Broglin, 922 F.2d 379, 380-81 (7th Cir.1991).
 
 
 16
 Kelley may of course raise an Eighth Amendment claim in his action under § 1983 if he is challenging the conditions of his confinement. However, he has neither alleged nor presented any evidence suggesting that he has been subjected to prison conditions which rise to the level of an Eighth Amendment violation. He has made only a general statement that the punishment he received from the disciplinary committee was disproportionate to the severity of the charges against him. Kelley's Eighth Amendment claim is without merit.
 
 4. Qualified immunity
 
 17
 Kelley mistakenly believes that the district court granted qualified immunity to the defendants. The district court never made such a ruling. If Kelley is challenging the dismissal of claims for money damages against the defendants in their official capacity, that dismissal was proper under the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see Hans v. Louisiana, 134 U.S. 1 (1890).
 
 
 18
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs