993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James LOWERY, Petitioner-Appellant,
v.
Gordon ABRAHAMSON, Superintendent, Dodge Correctional
Institution, and Greg Grams, Superintendent,
Waupun Correctional Institution,
Respondents-Appellees.
 No. 91-1258.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 14, 1993.
Decided May 12, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner James Lowery is an inmate at Waupun Correctional Institution, who filed this appeal from the denial of his habeas corpus petition, which takes issue with disciplinary proceedings taken against Lowery at Dodge Correctional Institution in Wisconsin.[1] Because Lowery challenges the conditions of his confinement and not the fact or duration of confinement, we will construe the petition as a Bivens action. Graham v. Groglin, 922 F.2d 379, 382 (7th Cir.1991) (where prisoner should have filed civil rights suit, not habeas corpus action, "all he has done is mislabel his suit, and he should be given leave to plead over or the mislabeling should simply be ignored").
 
 
 2
 Lowery contends that respondents violated his due process rights by failing to address the elements of the rule which he was found to have violated in their reasons for disciplinary action. 28 U.S.C. § 2241. The district court held that no due process violation occurred. We affirm.
 
 
 3
 Lowery was charged with attempted escape after certain materials were found hidden in his cell, including materials related to the manufacture of bombs, diagrams of locks, diagrams showing the assembly or manufacture of weapons, and letters to and from Lowery discussing escape. Lowery admitted that the letters addressed to him were written by friends, and that other letters were written in his handwriting, but stated that he did not remember coming into possession of these materials. Lowery defended on the basis that he suffered from multiple personality disorder and could not be held responsible for his conduct. In March 1986, the prison disciplinary committee found Lowery guilty of "303.222-A, Escape" and ordered that Lowery spend one day in adjustment segregation.[2]
 
 
 4
 Before this court, Lowery contends that the district court failed to apply the elements of attempted escape to support the disciplinary committee's decision, despite the fact that the charging instruments show that he was charged with attempted escape.[3] The Wisconsin Court of Appeals found that Lowery was found guilty of § 303.22(2), the rule against possession of materials related to an escape. State of Wisconsin ex rel. Lowery, No. 88-1030, unpublished opinion, 147 Wis.2d 882, 434 N.W.2d 622 (filed Nov. 3, 1989) (reported in full at 1988 WL 143510, 1988 Wisc.App. LEXIS 1037). "It is this rule, not the rule on attempted escape, of which Lowery was found guilty. The evidence found hidden in Lowery's cell * * * was such that the committee might reasonably find him guilty of escape as defined in Wisc.Admin.Code, sec. HSS 303.22(2)." Slip op. at 8-9.
 
 
 5
 The federal district court addressed the issue in a footnote, finding that the issue was only tenuously related to a due process claim, and that the evidence was sufficient to establish attempted escape.[4] Lowery v. Abrahamson, No. 89-C-1099 (E.D.Wis. Dec. 14, 1990), slip op. at 12, fn. 2.
 
 
 6
 Generally, the term "attempt" is defined such that it requires both intent to violate a particular rule, including "act [s] ... which showed that he or she intended to violate the rule." Wisc.Admin.Code § DOC 303.06[5]. Lowery maintains that the reasons given by the committee for disciplining him ignore both the requirements that there be "intent" and an act showing intent. The government counters that Lowery was charged with escape, not attempted escape. The relevant provision of the Wisconsin escape rule punishes "any inmate who makes or possesses any materials with the intent to use them to escape is guilty of an offense." Wisc.Admin.Code § DOC 303.22(2).
 
 
 7
 We need only determine whether there is some evidence in the record that could support the conclusion reached by the committee. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). The record here supports both a violation of the attempted escape rule, and the escape rule.
 
 
 8
 It is absurd to say that "attempt" requires an act, while "escape" does not require an act. While the "escape" rule does not use the word "act," it clearly requires one of 5 acts: leaving the prison; leaving a prison staff member while outside of the prison; failing to follow an assigned schedule; leaving the assigned area; or making or possessing materials intended to be used to escape. Wisc.Admin.Code § 303.22.
 
 
 9
 Thus, the "act ... which showed that [Lowery] intended to violate the rule" prohibiting escape was the act of "possess[ing] any materials with the intent to use them to escape." Wisc.Admin.Code § 303.22(2). He did not have to attempt to use the materials he possessed; the possession alone sufficiently satisfied the elements of the rule violation. The committee gave reasons supporting a finding of both "intent" and "an act ... which showed ... inten[t]."
 
 
 10
 The evidence supports the district court's decision that no due process violation occurred. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 Originally the committee ordered eight days of adjustment segregation; however on remand from the circuit court of Dodge County, it was changed to one day of segregation
 
 
 [3]
 A March 1986 conduct report lists attempted escape, 303.22(2)-A.; a September 1987 disciplinary committee order finds Lowery guilty of "303.22(2)-A."
 
 
 [4]
 The court stated: "This particularly litigious petitioner has raised numerous other grounds in his petition. This Court is satisfied that they are only tenuously related to the petitioner's alleged constitutional claim, and that those grounds have been adequately evaluated and denied as actionable by the Wisconsin Court of Appeals. Those claims include ... (c) the sufficiency of the evidence on the charge of attempted escape."
 
 
 [5]
 Wisc.Admin.Code § DOC 303.06 on "Attempt" provides:
 "(1) An inmate is guilty of attempt to violate a rule if the following are all true:
 (a) The inmate intended to do something which would have been a rule violation; and
 (b) The inmate did acts which showed that he or she intended to violate the rule at that time.
 (2) The number used for attempts in recordkeeping and conduct reports shall be the offense's number plus the suffix A.
 (3) The penalty for an attempt may be the same as for the completed offense....
 (4) An inmate may be charged with both a substantive offense and attempt to commit that only one."