33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Chuck W. ADAMS, Petitioner-Appellant,
v.
Danny MCBRIDE and Pamela Carter, Respondents-Appellees.
 No. 93-1494.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 9, 1994.*
Decided Aug. 19, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 Chuck W. Adams, a prisoner of Indiana, was removed from his assignment as a tutor and placed in more secure custody after the prison's Conduct Adjustment Board concluded that he had made sexual proposals or threats to a teaching assistant. He filed this suit seeking a writ of habeas corpus and damages. See Graham v. Broglin, 922 F.2d 379 (7th Cir.1991).
 
 
 2
 By the time the district court issued its opinion, Adams had been returned to the prison's general population. The request for habeas corpus is therefore moot. Adams does not argue that he is likely to be penalized again for sexual misconduct, and the possibility that the incident will be held against him when he applies for parole does not keep the case alive. Adams is serving a life sentence. If the finding of misconduct made him ineligible for parole or clemency, that disability would permit review under Carafas v. LaVallee, 391 U.S. 234 (1969). But because there is no such disability attached to the finding, and parole officials are more apt to be influenced by what Adams did rather than the particular consequence attached to it by the prison, the governing authority is Lane v. Williams, 455 U.S. 624 (1982), which holds that an event's potential influence on future discretionary decisions does not keep a dispute live. We add for completeness that Adams appears to lack a claim on the merits in any event. Superintendent v. Hill, 472 U.S. 445 (1985); Wolff v. McDonnell, 418 U.S. 539, 567-68 (1974).
 
 
 3
 As for damages: job assignments in prison are not "liberty" or "property" for purposes of the due process clause, so Adams cannot complain about the procedures the prison used to determine that he is no longer a suitable tutor. See Wallace v. Robinson, 940 F.2d 243 (7th Cir.1991) (en banc). He also neglected to sue the persons who made the decisions adverse to him. The two respondents--the Superintendent of the prison and the Attorney General of Indiana--cannot be ordered to pay damages for any missteps by their subordinates.
 
 
 4
 To the extent the petition seeks a writ of habeas corpus, the judgment is vacated and the case is remanded with directions to dismiss as moot. To the extent Adams seeks damages, the judgment is affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record