51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeberekiah E. KELUBAI, Petitioner-Appellant,
v.
Charles E. WRIGHT, Respondent-Appellee.
 No. 94-1697.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 7, 1995.
Rehearing Denied May 2, 1995.
 
 BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Jeberekiah E. Kelubai, an inmate at the Maximum Control Complex (MCC) in Westville, Indiana, appeals the dismissal of his habeas corpus petition. See 28 U.S.C. Sec. 2254. In his habeas petition, Kelubai requests relief on the grounds that the conditions of confinement at MCC violate Indiana law and various provisions of the United States Constitution. The district court held that these claims were not properly addressed in a habeas petition; thus, it dismissed Kelubai's Sec. 2254 petition without prejudice to his right to assert these claims in an action under 42 U.S.C. Sec. 1983. R. 13, Memorandum and Order. Kelubai asserts that he may properly raise these claims in a Sec. 2254 petition. We affirm.
 
 
 2
 A prisoner who seeks "a quantum change in the level of custody--whether outright freedom, or freedom subject to limited" restraints--should pursue habeas corpus relief. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991). In contrast, a state prisoner "challenging the conditions rather than the fact of confinement" must attempt to obtain relief under Sec. 1983. Id.; see also Allen v. Duckworth, 6 F.3d 458, 460 (7th Cir.1993), cert. denied, 114 S.Ct. 1106 (1994). In his Sec. 2254 petition, Kelubai does not argue that his conviction was obtained in violation of federal law or the constitution. Rather, he alleges that prisoners at MCC are, among other things, denied access to the courts, mail privileges, religious worship, freedom of speech, and attorney-client contact. Kelubai asks the court to examine "the whole disciplinary program" at MCC and order that it be "brought in accordance with state and federal guidelines." Appellant's Brief at 9. This is exactly the type of relief that Graham and Allen state must be sought under Sec. 1983 rather than Sec. 2254. Thus, the district court correctly held that Kelubai may not raise these claims in his habeas petition.[1]
 
 
 3
 If a prisoner mislabels a Sec. 1983 claim as a Sec. 2254 petition, the district court has two options. The court must either (1) grant the prisoner "leave to plead over" or (2) decide the case as a Sec. 1983 claim, ignoring the mislabeling. Graham, 922 F.2d at 382. By dismissing Kelubai's Sec. 2254 petition without prejudice to his right to refile his claims under Sec. 1983, thereby allowing him to "plead over," the district court fulfilled its duty under Graham.[2] In addition, as Kelubai's habeas petition was plainly without merit, the court did not abuse its discretion in denying him further leave to amend his petition. See Cleveland v. Porca Co., 38 F.3d 289, 297 (7th Cir.1994) ("This court reviews the denial of a motion for leave to amend a complaint for abuse of discretion."). Accordingly, the judgment of the district court is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Kelubai also asserts that he should be discharged from confinement because of these alleged violations. The purpose of a Sec. 2254 petition is to allow the federal courts to review the "lawfulness of the petitioner's custody." Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, 2554 (1991). Kelubai simply alleges that the conditions of his confinement are unconstitutional; he does not claim that Indiana violated the constitution or any federal law by sending him to prison. Thus, Kelubai is challenging the conditions rather than the fact of his confinement, which he may not properly raise in a Sec. 2254 petition under Graham and Allen
 
 
 [2]
 We note that Kelubai may be precluded from seeking equitable relief against MCC officials in a Sec. 1983 action because a class action suit concerning the conditions of confinement at MCC (Taifa v. Bayh, No. S-92-00429-M) is pending in the Northern District of Indiana. See McNeil v. Gurthrie, 945 F.2d 1163, 1165-66 (10th Cir.1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988); Goff v. Menke, 672 F.2d 702, 704-05 (8th Cir.1982). We express no opinion on whether any of Kelubai's specific claims are precluded, as the record contains no evidence of what claims are at issue in Taifa