70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nathanial JONES-BAY, Petitioner-Appellant,
v.
Charles E. WRIGHT, Respondent-Appellee.
 No. 94-3452.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 16, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Nathanial Jones-Bay, while a prisoner at the Maximum Control Complex ("MCC") in Westville, Indiana, filed a petition for writ of habeas corpus, 28 U.S.C. Sec. 2254, alleging a violation of his due process rights in a prison disciplinary proceeding. The district court denied the petition. We affirm.
 
 
 2
 Jones-Bay was charged in an MCC conduct report with making sexual proposals (a class B offense) to a prison official, Dawn MacMillan. This proposal was in the form of a "request slip" sent to Ms. MacMillan where Jones-Bay requested that MacMillan visit him, relating his intentions in vulgar and sexually explicit detail. Jones-Bay received notice of a disciplinary hearing on the charge and pleaded guilty. Thereafter, the Conduct Adjustment Board ("CAB") held a hearing where Jones-Bay's guilty plea was accepted, and he was sanctioned with a thirty-day restriction of phone and recreational privileges. Jones-Bay was not present at the hearing. Jones-Bay appealed this decision to the Superintendent of the MCC and to the Disciplinary Review Manager for Adult Operations. Both appeals were denied. Thereafter, Jones-Bay filed the instant habeas corpus petition claiming that his phone and recreation privileges were restricted in violation of his right to due process. The district court denied Jones-Bay's petition. This timely appeal follows.
 
 
 3
 If a prisoner seeks relief from "what can be fairly described as a quantum change in the level of custody--whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation--then habeas corpus is his remedy." Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991). However, a state prisoner "challenging the conditions rather than the fact of confinement" must attempt to obtain relief under civil rights law, 42 U.S.C. Sec. 1983. Id. In his habeas petition, Jones-Bay challenged a thirty-day restriction of telephone and recreational privileges. Since Jones-Bay's deprivation is more closely related to the conditions of his confinement rather than his "freedom" within the MCC, he should have labelled his suit as a claim for relief under Sec. 1983.
 
 
 4
 When a prisoner asks for habeas corpus relief when he should have brought a civil rights suit, "either he should be given leave to plead over or the mislabeling should simply be ignored." Graham, 922 F.2d at 382. In denying the Jones-Bay's habeas corpus petition, the district court did neither. Nonetheless, the district court considered Jones-Bay's due process claim and found it to be without merit. We agree.
 
 
 5
 A person is entitled to due process only if he suffered a deprivation by state action of a constitutionally protected interest in "life, liberty, or property" without due process of law. Zinermon v. Burch, 494 U.S. 113, 125 (1990) (citing Parratt v. Taylor, 451 U.S. 527, 537 (1981) and Carey v. Piphus, 435 U.S. 247, 259 (1978)). Such a liberty interest may exist under the due process clause itself or by state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). In Sandin v. Conner, 115 S.Ct. 2293 (1995), the Supreme Court held that state-created liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2300 (citations omitted).
 
 
 6
 A thirty-day restriction of telephone and recreational privileges does not constitute a deprivation of liberty under the due process clause itself. Cf. Sandin, 115 S.Ct. at 2301 (thirty days on disciplinary segregation held not to create a liberty interest in the due process clause itself). Similarly, the deprivation suffered by Jones-Bay was not sufficiently "significant" to support the conclusion that Illinois intended to create a liberty interest. See id. at 2300. Since there was no liberty interest, Jones-Bay was not entitled to due process.[1]
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 In his brief, Jones-Bay argues that the CAB's finding of misconduct also resulted in him staying one month longer in the MCC (i.e., his transfer to a lower-level security prison was delayed), and receiving fewer good-time credits. However, since these alleged deprivations were never presented to the district court, they will not be considered on appeal