DLD-207                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2413
_____

IN RE:  RALPH BAKER,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. Nos. 2:09-CV-03654; 3:09-CV-03710)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 21, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: June 27, 2012)
_____

OPINION
_____

PER CURIAM

       Ralph Baker is a New Jersey prisoner who petitions the Court pro se, seeking a

writ of mandamus. His petition is nearly indecipherable. Construing it liberally, as we

must, United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (citing Haines v. Kerner,

404 U.S. 519, 520 (1972)), it appears that Baker seeks to compel the District Court to

transfer two habeas petitions, properly filed in the District of New Jersey, to another

district and/or to transfer his custody to another correctional facility. We will deny mandamus relief.

Mandamus is an extraordinary remedy, used to "compel [an inferior court] to exercise its authority when it is its duty to do so." Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). A petitioner seeking mandamus relief "must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quoting Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380–81 (2004)).

Baker seeks a change in venue for disposition of his habeas petitions. "The plain language of the habeas statute … confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); 28 U.S.C. § 2241(a). Therefore, a petitioner seeking habeas relief does not have a clear and indisputable right to have his petition transferred to a different jurisdiction. Here, Baker is a prisoner who was convicted and is confined in New Jersey. He properly filed his habeas petitions in the United States District Court for the District of New Jersey. He has no right to have any other district court hear his habeas petitions or grant him habeas relief.

Baker also seeks a transfer to another correctional facility. Federal law provides two avenues of relief to a state prisoner for complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a civil rights complaint, 42 U.S.C. §

1983. <u>Muhammad v. Close</u>, 540 U.S. 749, 750-51 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus …; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973)).

A request for a prison transfer is not cognizable under habeas. <u>Preiser</u>, 411 U.S. at 500. Further, "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State … [or] in any particular State. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983). Nevertheless, in limited circumstances, transfer may be available under section 1983. <u>Wright v. Cuyler</u>, 624 F.2d 455, 458 (1980) (holding that a prisoner may challenge the denial of his request for transfer into a home furlough program directly under section 1983); <u>see also</u> <u>Graham v. Broglin</u>, 922 F.2d 379, 381 (7th Cir. 1991) (citing <u>Wright</u>, 624 F.2d at 458); <u>Abdul-Hakeem v. Koehler</u>, 910 F.2d 66, 69 (2d Cir. 1990) (concluding that a state prisoner may seek a transfer either to federal custody or to the custody of another state under section 1983). Accordingly, as there exists another, adequate means to achieve the relief Baker seeks, mandamus relief is not appropriate.[1]

For these reasons, we will deny Baker's mandamus petition.

---

[1] Baker filed a motion in the District Court seeking a transfer to another correctional facility based upon allegations that prison gang members sought to kill him and prison officials refused to protect him. To the extent Baker challenges the District Court's denial of this motion, we note that mandamus is not an alternative to an appeal. <u>In re Chambers Dev. Co.</u>, 148 F.3d 214, 223 (3d Cir. 1998) ("[A] writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.").