NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL FIORITO, | No. 18-55188 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-01894-JFW-KES |
| v. | |
| C. ENTZEL, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted August 13, 2020
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and COLLINS, Circuit Judges.

Federal prisoner Michael Fiorito appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. Fiorito alleges that prison officials violated his due process and First Amendment rights by issuing him a false incident report, finding him guilty at a disciplinary hearing without allowing him the opportunity to present witnesses and evidence, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

artificially raising his custody score, which resulted in his transfer to a higher

security prison, where he was subject to assault, extortion, solitary confinement,

and other harms. The district court dismissed without prejudice Fiorito's petition

for lack of jurisdiction, reasoning that the proper vehicle for Fiorito's claims was

"a civil rights complaint rather than a habeas petition." We have jurisdiction under

28 U.S.C. § 1291, and we affirm the dismissal of Fiorito's petition.[1]

Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a

prisoner's claims "that he has been denied good time credits" or "subjected to

greater restrictions of his liberty, such as disciplinary segregation, without due

process of law." *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). Here,

Fiorito was not denied good time credits or subject to disciplinary segregation as a

result of his disciplinary finding. However, Fiorito alleges that his transfer to a

higher security prison constitutes a "quantum change" in his level of custody for

the purposes of habeas jurisdiction. *See Graham v. Broglin*, 922 F.2d 379, 381

---

[1] The government argues that Fiorito's petition is barred from review because (1) the matter is moot, and (2) a provision enacted with the First Step Act of 2018 bars judicial review of the Bureau of Prison's (BOP) prison placement decisions under 18 U.S.C. § 3621(b). We conclude that Fiorito's petition is not moot given that he still remains confined and his requested remedies include possible forms of relief that a court may grant. *See Mujahid v. Daniels*, 413 F.3d 991, 994-95 (9th Cir. 2005). We are also unpersuaded that the new language in 18 U.S.C. § 3621 applies to Fiorito's petition because his petition does not directly or solely challenge the BOP's designation of his place of imprisonment.

(7th Cir. 1991) ("If the prisoner is seeking what can fairly be described as a quantum change in the level of custody . . . then habeas corpus is his remedy.").

We conclude that Fiorito's claim does not qualify for habeas jurisdiction under *Bostic* in three respects. First, Fiorito is unable to show that his transfer from a low security to medium security prison subjects him to "greater restrictions of his liberty" rising to the level of disciplinary segregation, such that he qualifies for habeas jurisdiction under *Bostic*. Second, Fiorito does not demonstrate that the disciplinary hearing where he was purportedly denied due process directly resulted in his transfer to a higher security prison, or that the remedy Fiorito seeks—the expungement of his disciplinary record—will lead to his release to a lower security prison. Nor has Fiorito shown that the expungement of his disciplinary finding will accelerate his eligibility for parole. *See Bostic*, 884 F.2d at 1269 (habeas corpus is available "when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole"). In short, Fiorito is unable to demonstrate that a writ of habeas corpus will appropriately address the harm that he seeks to remedy. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). The district court was correct that the proper vehicle for Fiorito's claims is a civil rights action.

Fiorito also argues that the district court should have converted his habeas petition into a *Bivens* civil rights complaint and transferred it to the correct district. "[I]f the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her [petition]." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (citation and quotation marks omitted). Here, the lower court declined to convert Fiorito's petition on the grounds that the petition did not name the proper defendants for a *Bivens* action and was filed in the wrong venue. These are valid and reasonable bases for the district court's decision not to convert the petition. *See Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) (stating that district courts "[i]n most cases . . . should evaluate cases as the plaintiffs label them" in light of "the changed landscape caused by the Prison Litigation Reform Act of 1996 (PLRA) and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)").

Thus, we **AFFIRM** the district court's dismissal of Fiorito's petition under 28 U.S.C. § 2241 without prejudice.