CLD-008                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2226
_____

JOSEPH ARUANNO,
                                    Appellant

v.

STATE OF NEW JERSEY;
THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-21-cv-05895)
District Judge:  Honorable Evelyn Padin

_____

Submitted for a Decision on the Issuance of a Certificate of Appealability or
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2023

Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: November 14, 2023)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Joseph Aruanno appeals from the District Court's order denying habeas relief. For the following reasons, we will vacate the judgment and remand for further proceedings. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2005, after serving a ten-year sentence for second-degree assault in New Jersey, Aruanno was civilly committed as a sexually violent predator ("SVP") pursuant to the Sexually Violent Predator Act ("SVPA"), N.J. Stat. Ann. § 30:4-27.24 to -27.38. In March 2021, he filed a petition on a 28 U.S.C. § 2254 form, claiming that he was being denied annual review hearings and the appointment of counsel required by the SVPA. See N.J. Stat. Ann. § 30:4-27.35; 27.31. Specifically, he alleged that he had only two annual reviews in 17 years and "counsel only half of that time." ECF No. 1 at 6. He specifically cited the denial of hearings on August 1, 2018, and April 8, 2019. He requested prospective injunctive relief only, specifically asking the District Court "[t]o remand and demand compliance from the state court(s), or appoint counsel for a full review of this case." Id. at 16. He also filed a motion for the appointment of counsel, which the District Court denied without prejudice. See ECF No. 19.

The District Court agreed with the State that Aruanno had not exhausted his state court remedies with respect to his habeas claims, that the claims were procedurally defaulted, and that he could not show cause and prejudice or a miscarriage of justice to overcome his default. See ECF No. 22; see also 28 U.S.C. § 2254(b)(1)(A). In an order entered May 30, 2023, the District Court denied and dismissed the habeas petition, denied

as moot Aruanno's motion to reconsider the denial of counsel, and declined to issue a certificate of appealability. Aruanno appealed.[1]

The District Court recognized that the petition "does not challenge the validity of any criminal conviction; instead, it alleges that he has been denied yearly commitment reviews as required by the SVPA and has been denied the appointment of counsel during his appeals." ECF No. 22 at 1. Nevertheless, it concluded that Aruanno was "challenging his involuntary commitment," and thus construed the petition as seeking habeas relief. This was error.

A prisoner may use both 42 U.S.C. § 1983 and habeas corpus to seek redress in the federal courts for "unconstitutional treatment at the hands of state officials." Nance v. Ward, 597 U.S. –, 142 S. Ct. 2214, 2221 (2022) (quotation marks omitted). This includes prisoners subject to civil commitment. See Duncan v. Walker, 533 U.S. 167, 176 (2001) (noting that involuntary commitment is subject to federal habeas review); Addington v. Texas, 441 U.S. 418, 425 (1979) (recognizing "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection"). Section 1983 may be used to address "requests for relief turning on circumstances of

_____

[1] Aruanno has filed an application for a certificate of appealability ("COA"). A COA is required for an appeal from "the final order in a habeas corpus proceeding." 28 U.S.C. § 2253(c)(1)(A). The Supreme Court has explained that "[t]his provision governs final orders that dispose of the merits of a habeas corpus proceeding – a proceeding challenging the lawfulness of the petitioner's detention." Harbison v. Bell, 556 U.S. 180, 183 (2009). For the reasons discussed below, the action did not lie in habeas. Thus, a COA is not necessary for this appeal, and we exercise jurisdiction under 28 U.S.C. § 1291.

confinement." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). But challenges to the fact or duration of confinement, made either explicitly or by necessary implication, strike at the "core of habeas corpus" and can be made only through the vehicle of a federal habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 487, 489 (1973); Skinner v. Switzer, 562 U.S. 521, 525 (2011); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Here, Aruanno does not seek to invalidate his civil commitment, nor would success on his claims imply the invalidity of his commitment. Rather, success would merely ensure the future protections of review and counsel, and provide Aruanno the opportunity to persuade the state court that he should be released. The Supreme Court has made clear that such relief, which may or may not serve as a precursor to a successful challenge to his civil commitment, can properly be pursued under § 1983. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (holding that prisoners' challenge to state parole procedures was properly brought in a proceeding under § 1983 because "[s]uccess for [one prisoner] . . . means at most new eligibility review, which at most will speed *consideration* of a new parole application," and "[s]uccess for [the other prisoner] means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term" (emphasis in original)); cf. Skinner, 562 U.S. at 534 ("Success in [Skinner's] suit for DNA testing would not 'necessarily imply' the invalidity of his conviction. While test results might prove exculpatory, that outcome is hardly inevitable[.]"). Aruanno's claims are thus cognizable under § 1983. See Karshens v. Piper, 845 F.3d 394, 406 (8th Cir. 2017) (recognizing that a class of civilly committed

4

persons could use § 1983 to raise due process challenges to Minnesota's Civil Commitment and Treatment Act where the plaintiffs did not challenge their commitments or seek release but instead sought, inter alia, provide periodic assessment reviews).

Moreover, we have suggested that habeas relief is generally not available for claims, like Aruanno's, whose success would "not *necessarily* result in a change to the duration of his sentence." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (emphasis in original); see also Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). We therefore conclude that Aruanno's claims—which seek to vindicate processes and not to effectuate a change in custody—are properly construed as arising under § 1983 than habeas.

We note that, although Aruanno raised his claims using a habeas form, he expressed his intention to proceed outside habeas. Aruanno emphasized in the petition that he was not challenging his conviction. See ECF No. 1 at 2 ("*No conviction, no sentence, not a criminal docket, etc., where this is an involuntarily civilly committed person case."). And in a subsequent letter to the District Court, he complained that he requested a form for "civil commitment status" but he was sent a § 2254 form "for a criminal conviction . . . which clearly did not, does not apply (sic)." ECF No. 7 at 1. A pro se pleading must be "judged by its substance rather than according to its form or label." See Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (citation omitted). Accordingly, because the claims were cognizable only under § 1983 and that construction is consistent with Aruanno's stated intent, we will remand the matter for the District Court to construe the pleading as a civil rights action. See Royce v. Hahn, 151

5

F.3d 116, 118 (3d Cir. 1998) (recognizing that "if a petition asks for habeas corpus relief when petitioner 'should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored'" (quoting Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir. 1991)); see also Velazquez v. Superintendent Fayette SCI, 937 F.3d 151, 158 (3d Cir. 2019). In so doing, we express no opinion on the merits of Aruanno's claims.

Based on the foregoing, we will vacate the District Court's order and remand for further proceedings consistent with this opinion. The application for a COA is denied as unnecessary.[2]

---

[2] Aruanno's motion to appoint a guardian ad litem is denied.