UNITED STATES of America,
Plaintiff–Appellee,

v.

Rickey HARRIS, Defendant–Appellant.

No. 93–1120.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 16, 1993.

Decided Jan. 5, 1994.

Larry Wszalek (argued), Office of the U.S. Atty., Madison, WI, for plaintiff-appellee.

Yolanda Lehner (argued), Madison, WI, for defendant-appellant.

Before POSNER, Chief Judge, and COFFEY and KANNE, Circuit Judges.

POSNER, Chief Judge.

The Speedy Trial Act requires the government to indict or file an information against an offender within thirty days of arresting him. 18 U.S.C. § 3161(b). The question is whether a change in the conditions in which a prisoner is being confined can be an "arrest" for this purpose. Harris, a federal prisoner, was suspected of receiving marijuana from a visitor. For refusing to give a urine sample he was "sentenced" to spend 45 days in disciplinary segregation (meaning solitary confinement for all but one hour of the day) and to be transferred to another prison. On June 4, when his 45 days of disciplinary segregation were up, he was still in segregation, awaiting his transfer to the other prison. Shortly afterward he was told that he would be kept in segregation until the government decided whether to prosecute him criminally for possession of marijuana. Apparently it is government policy not to transfer a prisoner to another prison while criminal charges in the district in which he is currently confined are pending. Why Harris

was not released from segregation is unclear; the failure may have violated prison regulations. On August 10, an information was filed charging him with illegal possession of marijuana.

He argues that he was "arrested" on June 4, when instead of being either transferred to the other prison or released back into the general prison population he was kept in segregation. If he is correct, then the information must be dismissed, since it was filed more than two months after the "arrest."

The Speedy Trial Act does not define the term "arrest." If Harris is correct that he was retained in segregation after the completion of his 45-day disciplinary sentence at the request of the U.S. Attorney's office, there is an analogy to the arrest and jailing of a nonprisoner. But the Speedy Trial Act is a technical statute and we are reluctant to enlarge it by analogy. Cases addressing the same question under the speedy-trial guaranty of the Sixth Amendment have uniformly declined to invoke the analogy, e.g., *United States v. Mills,* 810 F.2d 907, 909 (9th Cir.1987); *United States v. Daniels,* 698 F.2d 221, 223 (4th Cir.1983), and we are even more reluctant to do so when dealing with a statute as rigid and arbitrary as the Speedy Trial Act.

We ought moreover to distinguish between arrest and confinement. The Act's thirty-day clock runs from arrest, even if the defendant is immediately released with or without bond. Protection against being incarcerated following arrest but before conviction is found elsewhere, for example in the Fourth Amendment, in the due process clause of the Fifth Amendment, and in the excessive-bail clause of the Eighth Amendment. *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *United States v. Infelise,* 934 F.2d 103 (7th Cir.1991); *Wilkins v. May,* 872 F.2d 190, 193 (7th Cir.1989). Harris was never arrested in any sense that can be distinguished from incarceration. All that happened was that he was not released from segregation. Since being locked in one's cell 23 hours of the day is qualitatively different from having, as it were, the run of the prison, Harris's situation was equivalent to that of someone who is incarcerated before charges are brought against him; and for such incremental incarceration prisoners have remedies parallel to though more limited than those of nonprisoners held in custody without charges being lodged. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The prisoner has administrative remedies and if these fail he can apply for habeas corpus, arguing that he is being deprived of liberty without due process of law, the incremental loss of liberty resulting from closer confinement being regarded as a deprivation of liberty within the meaning of the due process clause, provided (see *Hewitt v. Helms,* 459 U.S. 460, 468–72, 103 S.Ct. 864, 869–72, 74 L.Ed.2d 675 (1983)) that he has been given by statute or regulation an entitlement to the less restrictive confinement. *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir.1991); *McCollum v. Miller,* 695 F.2d 1044, 1046 (7th Cir.1982); see also *Viens v. Daniels,* 871 F.2d 1328, 1333 (7th Cir.1989). So Harris was not without remedies if any right of his was infringed, but the Speedy Trial Act is not one of those remedies. *United States v. Jackson,* 781 F.2d 1114, 1115 (5th Cir.1986) (per curiam), the only other appellate decision we have found on the question, agrees.

AFFIRMED.