105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aaron E. ISBY, Petitioner-Appellant,
v.
Herbert NEWKIRK,[2] Respondent-Appellee.
 No. 95-1636.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.
Decided Dec. 12, 1996.[1]
 
 Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judge.
 
 ORDER
 
 1
 Aaron E. Isby, an inmate at the Maximum Control Complex (MCC) in Westville, Indiana, filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, challenging his classification and transfer to the MCC. The district court dismissed the habeas corpus petition without prejudice to Isby's right to file claims under 42 U.S.C. § 1983.
 
 
 2
 We agree with the district court that habeas corpus is not the appropriate remedy, and that the proper vehicle is a civil rights action under 42 U.S.C. § 1983. The writ of habeas corpus is used to shorten the term of imprisonment through a challenge to the state's custody. Preiser v. Rodriguez, 411 U.S. 475, 484-85 (1973); Falcon v. United States Bureau of Prisons, 52 F.3d 137, 138 (7th Cir.1995); Graham v. Broglin, 922 F.2d 379, 380-81 (7th Cir.1991). Nevertheless, a suit to get transferred from a more to a less restrictive custody may be within the habeas corpus jurisdiction when petitioner claims to be held contrary to law. Allen v. Duckworth, 6 F.3d 458, 461 (7th Cir.1993), citing Graham v. Broglin, 922 F.2d at 381.
 
 
 3
 If the prisoner is seeking what can fairly be described as a quantum change in the level of custody--whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation--then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law.... Graham, 922 F.2d at 381.
 
 
 4
 See also United States v. Harris, 12 F.3d 735, 736 (7th Cir.1994).
 
 
 5
 Like the petitioner in Falcon, Isby "is challenging only his location within the [prison] system. Such a challenge does not necessarily request a 'quantum change in the level of custody' " simply because a transfer is to a more restrictive facility. Falcon, 52 F.3d at 139 (transfer involved facility where there would be decrease in level of confinement because it was under 23-hour lockdown). Civil rights is generally the proper avenue, even if, as is true in Isby's case, "the program or location or environment that he is challenging is more restrictive than the alternative that he seeks." Graham, 922 F.2d at 381. Cf. United States v. Harris, 12 F.3d 735, 736 (7th Cir.1994). Moreover, Isby's claims are more closely related to conditions within the MCC, rather than his "freedom" within the MCC. We conclude he should have brought as a claim for relief under 42 U.S.C. § 1983.
 
 
 6
 While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, see, e.g., Graham, 922 F.2d at 381-82 (collecting cases), it would be inappropriate for us to do so here, because for several reasons a civil rights action might be subject to dismissal on other grounds. We caution Isby that he faces numerous obstacles in filing further civil rights actions. We have recently imposed filing restrictions on Isby in Isby v. Wright, Nos. 94-3291, 94-3650 (7th Cir. Dec. 12, 1996) (unpublished order).[3] In the present case, Isby has raised many, if not all, of the same issues in other civil rights actions. In addition, Isby would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996), and of course res judicata impediments due to the fact that many conditions of which he complains have been resolved in a class action in which Isby was a named plaintiff, see Isby v. Bayh, 75 F.3d 1191 (7th Cir.1996).
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 [2]
 Pursuant to Fed.R.App.P. 43(c)(1), on August 15, 1995, this court entered an order substituting Herbert Newkirk as respondent in place of Charles Wright
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [3]
 In keeping with the need for such a restriction, we note that in this case the district court listed 16 cases before it filed by Isby