**Walter MURPHY, Plaintiff,**

v.

**Bill MARTIN, et. al., Defendants.**

**Civil Action No. 03–CV–72932–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

July 28, 2004.

---

**121.** *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 340 (5th Cir.2000); *Douglass v. United* *Serv. Auto. Ass'n,* 79 F.3d 1415, 1428 (1996).

Walter Murphy, Jackson, MI, pro se.

Julia R. Bell, Michigan Department of Attorney General, Lansing, MI, for Defendants.

## ORDER ACCEPTING REPORT AND RECOMMENDATION

HOOD, District Judge.

### I. Introduction

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation dated May 28, 2004. Plaintiff has filed Objections to the Report and Recommendation.

### II. Statement of Facts

Plaintiff brings this case seeking both injunctive relief and monetary damages under 42 U.S.C. § 1983 alleging violations of the Fourteenth Amendment's Equal Protection Clause and Title II of the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12131 *et seq.* A review of the pertinent factual background reveals that Plaintiff sought and was denied admission into the Michigan Department of Corrections (MDOC) Technical Rules Violation (TRV) program due to Defendants' determination of Plaintiff's ineligibility for the program. Consequently, Plaintiff was re-incarcerated pending a determination of possible parole violations.

### III. Standard of Review

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### IV. Law and Analysis

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for three reasons. First, although Plaintiff claims in his objections to the

Magistrate Judge's Report and Recommendation that he filed several informal complaints and MDOC grievances concerning this matter, the Court agrees with the Magistrate Judge that the MDOC Policy Directive 03.02.130 [1] precludes Plaintiff from grieving the substance of the policy. Consequently, Plaintiff is relieved of his duty to exhaust all administrative remedies before filing the appropriate legal cause of action. The Court further agrees with the Magistrate Judge that Plaintiff's claims necessarily imply the invalidity of his conviction and should be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Second, with regard to Plaintiff's failure to state a cognizable federal claim, the Court agrees with the Magistrate Judge that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). Although the Court acknowledges Plaintiff's request that his complaint be read liberally, such a reading of Plaintiff's pleading does not negate the fact that his complaint fails to set forth a cognizable federal claim. In any event, it is noted that the Magistrate Judge took into account that such a dismissal is not an adjudication on the merits, therefore allowing Plaintiff to "reassert his claims if he ever succeeds in invalidating his conviction." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585.

Finally, this Court declines to construe Plaintiff's civil rights complaint as a petition for the writ of habeas corpus for the significant practical problems outlined by the Magistrate Judge. Such problems include the distinct rules governing habeas petitions from the Federal Rules of Civil Procedure. *Cf. Isby v. Newkirk*, 105 F.3d 660, 1996 WL 735596 at *1 (7th Cir.1996). Although Plaintiff emphasizes in his objections the validity of his discrimination and equal protection claims, *Heck* does not direct a court to construe a civil rights complaint as a habeas petition when that complaint attacks the validity of a conviction. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364.

## V. Conclusion

Since the Court finds that MDOC Policy Directive 03.02.130, Part E is instructive in this case; that this Court lacks subject matter jurisdiction in this matter; and that Plaintiff's complaint will not be construed as a civil rights complaint, the Court agrees with the Magistrate Judge's decision in this case. Accordingly, the Court ADOPTS and ACCEPTS Magistrate Judge Majzoub's Report and Recommendation.

IT IS HEREBY ORDERED that Magistrate Judge Majzoub's Report and Recommendation **[Docket No: 18–1, filed May 28, 2004]** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss and for Summary Judgment **[Docket No: 14, filed November 23, 2003]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED without prejudice.

### JUDGMENT

This action having come before the Court and the Court having entered an Order dismissing the Complaint,

---

1. Under MDOC Policy Directive 03.02.130, Part E (effective 11/01/00):

   A prisoner or parolee may not grieve the *content* of policy or procedure. If a CFA [Correctional Facilities Administration] prisoner has a concern with the content of a policy or procedure which personally affects the prisoner, s/he may direct comments to the Warden's Forum through the housing unit representative as provided in PD 04.01.150...

Accordingly,

Judgment is entered in favor of Defendants and against Plaintiff.

### REPORT AND RECOMMENDATION

MAJZOUB, United States Magistrate Judge.

**RECOMMENDATION:** This Court recommends that Plaintiff's civil rights complaint be DISMISSED under Fed.R.Civ.P. 12(h)(3) for lack of subject matter jurisdiction and Defendants' Motion To Dismiss and For Summary Judgment be DENIED as moot.

\*    \*    \*

### REPORT:

Plaintiff brings this case seeking both injunctive relief and monetary damages under 42 U.S.C. § 1983 alleging violations of the Fourteenth Amendment's Equal Protection Clause and violations of Title II of the American with Disabilities Act of 1990(ADA), 42 U.S.C. § 12131 *et seq.* Plaintiff filed his civil rights Complaint *pro se* on July 31, 2003 against Bill Martin, former Director of the Michigan Department of Corrections (MDOC), Ms. McLemore, an agent for the MDOC Parole Department, Mark H. Coulter, a Program Manager for MDOC's Parole Department, and Dennis Schrantz, Chief Deputy Director Field Operations Administration (FOA) for the MDOC. All four defendants are sued in both their individual and official capacities. It appears that only Ms. McClemore has not yet been served with the lawsuit.

A review of the pertinent factual background discloses that Plaintiff was paroled on September 13, 2000. On August 3, 2001, he was held in custody pending a determination of possible violations of the conditions and terms of his parole. Plaintiff sought admission into MDOC's Technical Rules Violation (TRV) program, but on August 7, 2001 his request was denied due to Defendants' determination of Plaintiff's ineligibility for the program. As a result, Plaintiff was re-incarcerated at the Cotton Correctional Facility on August 10, 2001.

Plaintiff attempted the untimely filing of a step I grievance on November 1, 2001 which appears to have been aborted. On November 29, 2001, Plaintiff filed another untimely step I grievance (PDMO112000007006Z) challenging the denial of his request for placement into the TRV program. Plaintiff specifically alleged that Defendant McLemore failed to properly screen Plaintiff for eligibility pursuant to MDOC Policy Directive (PD) 06.03.104, and further claimed that Plaintiff's liberty had been denied as a result of Defendants' discriminatory practices towards Plaintiff as a disabled person. The step I grievance was denied on December 10, 2001 pursuant to PD 06.03.104 which excludes participation in the TRV program for individuals "hav[ing] a physical or mental condition not consistent with the rigorous demands of the Program offered at a TRV center, as determined from the Offender Health Questionnaire" (Plaintiff's Exhibit attached to his Answer To Defendants' 12(b) motion for dismissal, Letter dated May 6, 2003 from the Office of Legislative Corrections Ombudsman).

On December 12, 2002, Plaintiff appealed the denial of his step I grievance. The appeal was denied. Plaintiff then duplicated the grievance by filing grievance JCF 02–12–0369–592–C. Plaintiff's step III appeal was denied on February 5, 2003 as a duplicate of Plaintiff's previously filed grievances.

On July 31, 2003, Plaintiff filed the instant Complaint and the Honorable Denise Page Hood, United States District Judge, referred all pretrial proceedings to United States Magistrate Judge Virginia M. Mor-

gan. On August 18, 2003 Defendants Martin, Coulter and Schrantz filed a Motion for Dismissal and for Summary Judgment. On October 15, 2003 Plaintiff filed an Amended Complaint seeking both compensatory and punitive damages in specific amounts. Plaintiff's Answer to Defendants' Motions and Brief were filed on January 7, 2004. On February 9, 2004, this matter was reassigned to United States Magistrate Judge Mona K. Majzoub by Administrative Order 04–AO–10.

Essentially, Plaintiff asserts that his current incarceration is the result of an MDOC policy which discriminates against individuals suffering from mental illness in violation of the Fourteenth Amendment's Equal Protection Clause, Title II of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act (Rehab Act). In their Motion to Dismiss and For Summary Judgment, Defendants argue that Plaintiff's claims are barred by his failure to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a). Defendants also contend that Plaintiff's claims are barred by immunity, lack of Defendants' personal involvement, and Plaintiff's failure to allege a physical injury as a result of Defendants' actions.

### STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED.R.CIV.P. 12(b)(6); *see Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.,* 205 F.3d 912, 914 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. *Ashbrook v. Brock,* 917 F.2d 918, 921 (6th Cir.1990); *see also Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

### EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 ..., or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are avail-

able are exhausted." 42 U.S.C. § 1997e(a).

Generally, a prisoner will exhaust administrative remedies by filing grievances pursuant to MDOC policy. For example, a prisoner may grieve alleged violations of policy and procedure, unsatisfactory conditions of confinement, official acts, or denial of rights which directly affect [Prisoners] (MDOC Policy Directive 03.02.130, PB). The grievance system is comprised of three steps. If the grievant is dissatisfied with the step I response, he may appeal to step II. If the prisoner is still dissatisfied with the step II response, he may file a step III appeal with the Director of the MDOC. A Plaintiff must pursue all levels of the administrative procedure, even when prison officials fail to respond or respond in an untimely manner. *Grabinski v. Gundy,* 1999 U.S. Dist. LEXIS 4820 (W.D.Mich.1999) (citations omitted). Here, Plaintiff contends that he is relieved of the burden of following the MDOC grievance procedure.

Under MDOC Policy Directive 03.02.130 (effective 11/11/00):

> A prisoner or parolee may not grieve the content of policy or procedure. If a CFA prisoner has a concern with the content of a policy or procedure which personally affects the prisoner, s/he may direct comments to the Warden's Forum through the housing unit representative as provided in PD 04.01.150 . . .

Here, Plaintiff clearly takes issue with the content of a MDOC Policy Directive which on its face excludes from the TRV Program any prisoner who has "a physical or mental condition not consistent with the rigorous demands of the Program offered at the TRV center, as determined from the Offender Health Questionnaire (CFJ–129)." See PD 03.02.130, ¶ 4. Plaintiff supports his argument by submitting a correspondence dated May 29, 2003, directed to Mr. Clayton D. Burch which specifically addresses Plaintiff's issue of his exclusion for the TRV Program. In this letter, Mr. Schrantz states that "[t]he intent of both the Policy Directive, PD 06.03.104, and the Offender Health Questionnaire, DFJ–129, are to exclude all offenders from TRV that take prescription medication for mental health problems as described in number 3, Section A, of the Offender Health 'Questionnaire'. This is true regardless of the ability of the offender's ability to perform vigorous activity."

■ Thus, Plaintiff is challenging the deliberate exclusion from the TRV program of any and all prisoners who suffer mental disabilities and who are taking prescription medication. Such a challenge goes to the substance of the policy directive. Insofar as it is the content of the policy that Plaintiff challenges, it is eminently clear from the plain reading of MDOC Policy Directive 03.02.130 that Plaintiff is precluded from grieving the substance of the policy, and consequently is equally relieved of any duty to exhaust his remedies before filing the appropriate legal cause of action. Therefore Defendants' assertion that Plaintiff is required to fully exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a) before filing his complaint is without merit.

■ The crux of Plaintiff's argument is that he is now incarcerated as opposed to being outside the prison walls under the TRV program. Thus, Plaintiff's § 1983 claim attacks the validity of his incarceration. The Court must be on guard of § 1983 being "used to make an end run around habeas corpus procedures" *Foster v. Kassulke,* 898 F.2d 1144, 1148 (6th Cir. 1990). Faced with similar concerns, the Supreme Court recently held:

> [I]n order to recover damages for allegedly unconstitutional conviction or im-

prisonment, of for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentences has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated *is not cognizable under § 1983.*

*Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (footnote omitted) (second emphasis added). This rule limits the intrusion of § 1983 actions into areas properly reserved for habeas review "in a manner consistent both with the federalism concerns undergirding the explicit exhaustion requirement of the habeas statute, and with the state of the common law at the time § 1983 was enacted." *Id.* at 491, 114 S.Ct. 2364 (Thomas, J., concurring) (citations omitted).

The first step for a court analyzing a § 1983 claim under *Heck* is to determine whether a plaintiff's claim, if valid, would "necessarily imply the invalidity of his conviction [sentence]." *Heck,* 512 U.S. at 487, 114 S.Ct. 2364; *Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir.1995). Plaintiff's claims here unquestionably do so. He contends that his re-incarceration following a parole violation would have been impossible if his eligibility for the TRV program had not been ruled out by a prison policy. This is made even more evident by the fact that plaintiff seeks not only monetary damages, but also injunctive relief in the form of being placed on parole status in a TRV program.

■ Under *Heck,* once this determination is made, "the complaint must be dismissed." *Heck,* 512 U.S. at 487, 114 S.Ct. 2364. At least one circuit has determined that, in accordance with this language, it is appropriate to dismiss the complaint with prejudice as frivolous under 28 U.S.C. § 1915(d). *See Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir.1994). However, because the complaint in this respect fails to state a cognizable federal claim, the better approach is to dismiss it for lack of subject matter jurisdiction pursuant to FED. R.CIV.P. 12(h)(3). *Best v. Kelly,* 39 F.3d 328, 330 (D.C.Cir.1994).[1] Such a dismissal is not an adjudication on the merits, *Id.* at 331, thus allowing plaintiff to "reassert his claims if he ever succeeds in invalidating his conviction." *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (dismissing plaintiff's § 1983 claim under 28 U.S.C. § 1915(d), but without prejudice). Accordingly, the Court should dismiss Plaintiff's § 1983 claims for lack of subject matter jurisdiction pursuant to FED.R.CIV.P. 12(h)(3).

---

1. A dismissal for lack of subject matter jurisdiction pursuant to FED.R.CIV.P. 12(h)(3) is more appropriate than a dismissal pursuant to 28 U.S.C. § 1915(d). First, the claims asserted by plaintiff may often be "frivolous" under § 1915 only in the sense that it is brought in the wrong court; there may indeed be merit to a plaintiff's claims which the court must nonetheless dismiss under *Heck.* Further, § 1915(d) only applies to proceedings in forma pauperis. Although a large number of suits by prisoners under § 1983 are in forma pauperis, dismissal under § 1915(d) is unsatisfying because it does not provide a rule of general application.

More importantly, however, the Federal Rules of Civil Procedure require that the court dismiss these types of actions for lack of subject matter jurisdiction. The Rules provide: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall dismiss* the action." FED.R.CIV.P. 12(h)(3) (emphasis added). Subject matter jurisdiction over § 1983 claims is provided by 28 U.S.C. § 1343.

■ As an additional point, this Court should decline to construe Plaintiff's civil rights complaint as a petition for the writ of habeas corpus. Such a construction by this Court raises significant practical problems. For instance, the rules governing habeas petitions are significantly different from the Federal Rules of Civil Procedure. *Cf. Isby v. Newkirk,* 105 F.3d 660, 1996 WL 735596, at *1 (7th Cir.1996) (declining to construe habeas petition as a § 1983 action because of procedural differences between the two actions). *See generally,* Rules Governing Section 2254 Proceedings in the United States District Courts, 28 U.S.C. foll. § 2254. Second, *Heck* clearly directs a court to dismiss a civil rights complaint raising claims attacking the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Heck,* 512 U.S. at 487, 114 S.Ct. 2364 (if a complaint attacks the validity of a conviction or sentence, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Accordingly, this Court should decline to construe Plaintiff's civil rights complaint as a petition for the writ of habeas corpus. Instead, the Court recommends that Plaintiff's § 1983 claims be dismissed pursuant to Fed.R.Civ.P. 12(h)(3) for lack of subject matter jurisdiction.

## NOTICE TO PARTIES REGARDING OBJECTIONS

■ The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Services,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection # 1," "Objection # 2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection # 1," "Response to Objection # 2," etc.

May 28, 2004.