[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14861
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00737-JES-CM

GELU TOPA,

                                                            Plaintiff-Appellant,

versus

TEOFILO MELENDEZ,
Correctional Officer,
NICHOLAS SHAFFER,
Deputy,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 19, 2018)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Gelu Topa, proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 action arising from his arrest and imprisonment for violating a restraining order.

I.

On September 28, 2016, Topa filed a complaint alleging claims of wrongful arrest, unreasonable seizure, false imprisonment, and conspiracy against Collier County Sheriff's Deputy Nicholas Shaffer and correctional officer Teofilo Melendez.

Topa's claims were based on his 2012 arrest for violating a temporary restraining order ("TRO") his wife had obtained.  According to Topa, he contacted the Sheriff's Office to discuss matters related to the TRO and arranged to meet with Deputy Shaffer.  However, when Deputy Shaffer and another officer arrived for the meeting, they told Topa that witnesses reported he had been in the parking lot of his wife's workplace, in violation of the TRO.  Topa was then arrested for violating the TRO.  Topa pled no contest to violating the TRO and was sentenced to 180 days in jail and 12 months of probation.

Topa alleged Deputy Shaffer and Officer Melendez conspired to plant witness stories so they could arrest him on false charges.  He sought to recover legal expenses from his criminal case and $500,000 in damages for being wrongfully imprisoned.

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Topa failed to plead viable claims under § 1983.  Topa filed a response, arguing that phone records could prove that Deputy Shaffer and Officer Melendez conspired with Topa's wife to arrest him on false charges.

Before the court ruled on the motion to dismiss, defendants filed a motion for summary judgment.  In this motion, defendants first raised the argument that Topa's claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  Heck generally bars § 1983 claims that would necessarily imply the unlawfulness of a conviction or sentence that had not previously been invalidated. Id. at 486–87, 114 S. Ct. at 2371–72.  Topa did not file a response to the motion for summary judgment.

The district court entered an order granting the motion to dismiss on the grounds that Topa's claims were barred by Heck.   As part of that decision, the court considered a copy of the judgment and sentence from Topa's criminal case that had been submitted with defendant's motion for summary judgment.  Topa's complaint was dismissed "without prejudice to refile, should [Topa] subsequently have his conviction vacated."  The district court then denied the motion for summary judgment as moot.

Topa filed a "motion to review and reverse the verdict" which asked the court to reconsider its order dismissing the complaint.  Topa argued that defense

3

counsel took advantage of him by assuring him that nothing would be filed in the case while Topa was on a five-week trip to Europe, but then filing for summary judgment during his absence. Topa asked the court to consider the response to summary judgment filed after the court had dismissed his complaint. The district court denied the motion for reconsideration, explaining that Topa's response in opposition to summary judgment was irrelevant because the court had granted the motion to dismiss and denied the summary judgment motion as moot.

Topa appealed.

## II.

We review de novo a district court's ruling on a Rule 12(b)(6) motion and "construe the factual allegations in the complaint in the light most favorable to the plaintiff." Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1277–78 (11th Cir. 2015).

The district court granted the motion to dismiss because the complaint was barred by Heck. However, defendants never raised Heck in their motion to dismiss. Without explicitly saying so, the district court sua sponte imported the issue of Heck into the motion to dismiss.

Our precedent does allow some sua sponte dismissals under Rule 12(b)(6). See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). However, such a dismissal is not allowed if "the district court failed to provide the plaintiff with notice of its intent to dismiss." Id. (citing Jefferson Fourteenth

4

Assocs. v. Wometco de P.R., Inc., 695 F.2d 524, 527 (11th Cir. 1983)).  Here, the district court never alerted Topa that it was considering dismissing his case under Rule 12(b)(6) because of Heck.  While defendants raised Heck in the summary judgment motion, our circuit's precedent looks to whether the court, not the parties, gave notice.  Id.  A review of the record shows the district court failed to alert Topa before dismissing the complaint on this ground.

In any event, "[c]ourts generally lack the ability to raise an affirmative defense sua sponte."  Roberts v. Gordy, 877 F.3d 1024, 1028 (11th Cir. 2017) (quotation omitted).  While this Court has not decided whether the Heck-bar operates as an affirmative defense, other circuits have treated Heck as an affirmative defense subject to waiver.  See Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1056 (9th Cir. 2016) ("[C]ompliance with Heck most closely resembles the mandatory administrative exhaustion of PLRA claims, which constitutes an affirmative defense and not a pleading requirement."); Havens v. Johnson, 783 F.3d 776, 782 (10th Cir. 2015) (discussing district court's treatment of a "Heck defense" raised by defendants in a motion for summary judgment); Carr v. O'Leary, 167 F.3d 1124, 1126 (7th Cir. 1999) ("The failure to plead the Heck defense in timely fashion was a waiver."); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) (contrasting absolute immunity, which provides "immunity from suit," with Heck, which is "a mere defense to liability"

5

(quotation and emphasis omitted)).  This application of Heck makes it error for the district court to sua sponte insert its rule into defendants' motion to dismiss.[1]

Whether because of lack of notice, or because the Heck-bar operates as a waivable defense, the district court erred by sua sponte dismissing Topa's complaint.  This was the only ground on which the district court dismissed the complaint, so we reverse and remand for consideration of the other bases for the motion to dismiss.  We also note that, should the court eventually reach the question of Heck, it is not clear whether Heck would apply to claims brought by a plaintiff who is no longer incarcerated.[2]

---

[1] There is a minority view that Heck is a jurisdictional rule.  See Dixon v. Hodges, 887 F.3d 1235, 1237 (11th Cir. 2018) (per curiam) (describing Heck as a rule that "strips a district court of jurisdiction in a § 1983 suit"); see also Murphy v. Martin, 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004) (asserting that dismissal for lack of subject matter jurisdiction under Heck is a "better approach" than dismissing the case for failure to state a claim).  A court may always raise sua sponte issues of its own jurisdiction.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  But in Heck the Supreme Court discussed the traditional breadth of § 1983, not the jurisdiction of federal courts.  See Heck, 512 U.S. at 486, 114 S. Ct. at 2372 (basing holding on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments").  No published appellate court decision has endorsed the view that the Heck-bar is jurisdictional.  See, e.g., Dixon, 887 F.3d at 1239–40 (reversing district court's dismissal under Heck, without deciding whether Heck-bar is jurisdictional).  In any event, the district court did not assert that it raised Heck sua sponte for jurisdictional reasons.

[2] "A circuit split has developed regarding the application of Heck to situations where a claimant, who may no longer bring a habeas action, asserts a § 1983 complaint attacking a sentence or conviction."  Domotor v. Wennet, 630 F. Supp. 2d 1368, 1376–77 (S.D. Fla. 2009) (collecting cases).  This circuit has not definitively answered the question.  See Abusaid v. Hillsborough Cty. Bd. of Cty. Com'rs, 405 F.3d 1298, 1316 n.9 (11th Cir. 2005) (discussing "the [open] question of whether Heck bars § 1983 suits by plaintiffs who are not in custody," and noting "[o]ur court has not yet weighed in on this issue").  There are cases from this circuit that have suggested that Heck never applies to such a suit, see Harden v. Pataki, 320 F.3d 1289, 1298 (11th Cir. 2005), while others suggest Heck would almost always apply, see Vickers v. Donahue, 137 F. App'x 285, 289–90 (11th Cir. 2005) (per curiam) (unpublished).  Still other cases have

**REVERSED AND REMANDED.**

---

suggested a middle ground—that application of <u>Heck</u> turns on whether the plaintiff had a meaningful opportunity to file for habeas relief while incarcerated.  <u>See</u> <u>Morrow v. Fed. Bureau of Prisons</u>, 610 F.3d 1271, 1272 (11th Cir. 2010) ("This case is one in which the alleged length of unlawful imprisonment—10 days—is obviously a duration that a petition for habeas relief could not have been filed and granted while Plaintiff was unlawfully in custody."); <u>see also</u> <u>id.</u> at 1273–74 (Anderson, J., concurring).  However, we need not, and do not, answer the merits of the <u>Heck</u> question now.